IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAUN FLECK,<br><br>   Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>and EQUIFAX, INC.,<br><br>   Defendants. | Case No.: 3:25-cv-01820-AN<br><br>ORDER |

   Self-represented plaintiff Shaun Fleck brings this action against defendant Equifax Information Services, LLC and its parent corporation, defendant Equifax, Inc., alleging failures to investigate and correct errors on plaintiff's credit report in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Although defendant Equifax Information Services, LLC has answered the complaint, defendant Equifax, Inc. has instead moved to dismiss the claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the parties' filings, the Court finds that oral argument will not help resolve this matter. *See* Local R. 7-1(d). For the reasons stated below, defendant Equifax, Inc.'s motion is GRANTED. Plaintiff's claims against Equifax, Inc. are dismissed without prejudice and with leave to amend. Any amended complaint must be filed within 30 days.

## LEGAL STANDARD

   A party may move to dismiss an action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On the other hand, a complaint must be dismissed for failure to state a claim "if there is 'no cognizable legal theory' in support of the plaintiff's claim or 'an absence of sufficient facts alleged to support a cognizable legal

theory.'" *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When evaluating the sufficiency of a complaint's allegations, the court must "take as true . . . all well-pleaded allegations" and must "draw all reasonable inferences in favor" of the plaintiff. *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1220 (9th Cir. 2022). However, "conclusory statements, unreasonable inferences, and legal conclusions couched as factual allegations" need not be credited. *Election Integrity*, 113 F.4th at 1081 (cleaned up).

Where, as here, the plaintiff is self-represented, the court construes the complaint liberally and affords the plaintiff the benefit of the doubt. *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A self-represented litigant's complaint "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).

## DISCUSSION

**A.      Dismissal of Claims Against Equifax, Inc.**

The Fair Credit Reporting Act ("FCRA") imposes duties on consumer reporting agencies ("CRAs"), furnishers of information to CRAs, and users of information from CRAs, and it confers a private right of action on individuals who have been harmed by a breach of such duties. *See generally* 15 U.S.C. §§ 1681c-o; *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009). Construed liberally, the complaint alleges violations of FCRA's "reasonable procedures" requirements, *see* 15 U.S.C. § 1681e; "agency disclosure" requirements, *see* 15 U.S.C. § 1681g; and "reasonable investigation" requirements, *see* 15 U.S.C. § 1681i.[1] Equifax, Inc. contends that plaintiff has failed to state

---

[1] Plaintiff also cites 15 U.S.C. § 1681s-2(b), *see* Compl. 5, but asserts no facts from which the Court could infer that Equifax, Inc. is a "furnisher[] of information," which are the only entities subject to the requirements of Section 1681s-2. *See Meza v. Experian Info. Sols., Inc.*, No. 1:19-cv-01303-AWI-SKO, 2019 WL 6840390, at *3 (E.D. Cal. Dec. 16, 2019) (declining to address references to Section 1681s-2 where the self-represented plaintiff "is suing Equifax and the other Defendants as CRAs, as opposed to furnishers of information").

a claim against it because it is not a CRA and, thus, cannot be liable under these provisions. *See* Def. Mot. to Dismiss, ECF [13], at 2-3.

Equifax, Inc. is correct that the statutory provisions under which plaintiff seeks to recover are applicable only to CRAs. *See* 15 U.S.C. § 1681e(a) ("Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title."); 15 U.S.C. § 1681g (requiring "[e]very consumer reporting agency" to, upon request, "clearly and accurately disclose to the consumer" certain categories of information); 15 U.S.C. § 1681i(a)(1)(A) (requiring a "consumer reporting agency" to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate"). The statute defines "consumer reporting agency" to include "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" and does not, on its face, include the parent company of entities that engage in such practices. 15 U.S.C. § 1681a(f). Therefore, Equifax, Inc. is only a proper defendant to an action under these provisions if plaintiff alleges that it regularly furnishes consumer reports to third parties.

Plaintiff's allegations are insufficient to state a claim against Equifax, Inc. Plaintiff does allege that "Equifax Information Services LLC is [a] consumer reporting agency." Compl. 4. However, the complaint does not similarly allege that Equifax, Inc. is a CRA. Instead, the complaint alleges that Equifax, Inc. "retains supervisory authority" over Equifax Information Services, LLC as its parent entity, and that Equifax, Inc. "participated in prior settlement agreements concerning the same conduct at issue in this case." *Id.* According to the plain terms of Section 1681, "supervisory authority" and "participat[ing] in prior settlement agreements" is insufficient to render Equifax, Inc. a CRA and, therefore, insufficient to state a claim. *Cf. United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." (citation omitted)). Because the complaint does not allege that Equifax, Inc. is a

3

CRA and does not allege any facts from which the Court could infer that Equifax, Inc. is a CRA, plaintiff fails to state a claim against Equifax, Inc.

B.      **Whether Dismissal Should Be with Prejudice**

Under the Federal Rules, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has repeatedly held that "this policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up). This is particularly true in the case of a complaint by a self-represented plaintiff. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)).

Equifax, Inc. contends that plaintiff's claims against it should be dismissed with prejudice "because it is not a CRA, and there is no way for [p]laintiff to amend his complaint to properly plead claims against it under the FCRA." Def. Reply, ECF [15], at 2. However, plaintiff could obviously cure this issue on amendment by alleging that Equifax, Inc. prepares and furnishes consumer reports to third parties, which would not contradict any of the facts alleged in plaintiff's complaint. The Court cannot determine at this stage whether such an allegation can be made in good faith, but "leave to amend should be liberally granted" if the amended complaint could cure the relevant deficiencies by alleging "'other facts consistent with the challenged pleading.'" *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (quoting *Schreiber Distrib. Co. v. Serv Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Equifax, Inc. cites several cases where, with the benefit of admissible evidence at the summary judgment stage, courts concluded that Equifax, Inc. was not a CRA. *See* Def. Mot. to Dismiss 3. Absent the application of collateral estoppel, which Equifax, Inc. does not invoke, this Court cannot rely on those factual determinations to decide whether amendment is appropriate here. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) ("[T]aking judicial notice of findings of fact from another case exceeds the limits of Rule 201." (citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983)). Because it is possible that plaintiff could allege additional facts, consistent with the existing allegations, that would render

Equifax, Inc. a proper defendant, plaintiff's claims against Equifax, Inc. are dismissed without prejudice and with leave to amend.

## CONCLUSION

For the reasons stated herein, defendant Equifax, Inc.'s motion to dismiss, ECF [13], is GRANTED.  Within 30 days of the date of this order, plaintiff may amend the complaint to state a claim against Equifax, Inc., should the facts warrant doing so in good faith.  After that date, any amendment to the complaint must be made with agreement of the parties or leave of the Court pursuant to Federal Rule of Civil Procedure 15(a)(2).

IT IS SO ORDERED.

DATED this 3rd day of February, 2026.

Adrienne Nelson
United States District Judge