FILED 10 FEB '26 11:03 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SHAUN FLECK** | **Case No.: 3:25-cv-01820-AN** |
| Plaintiff, *Pro Se* | |
| -vs- | **FIRST AMENDED COMPLAINT** |
| **Equifax Information Services LLC** | **AND JURY DEMAND** |
| Defendant. | *(Fair Credit Reporting Act – 15 U.S.C. § 1681 et seq.)* |

# I. INTRODUCTION

1. This is an action for damages and equitable relief arising from Defendant Equifax Information Services LLC's repeated and willful failures to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
2. Plaintiff Shaun Fleck is a consumer and small business owner who exercised his statutory right to dispute materially inaccurate and misleading information appearing in his consumer credit file maintained by Defendant.
3. Despite receiving multiple written disputes supported by documentary evidence, Defendant failed to conduct a reasonable reinvestigation, failed to assure maximum possible accuracy of the information it reported, and failed to provide meaningful responses after demanding additional identity verification and receiving full compliance.
4. Instead, Defendant employed automated dispute-handling mechanisms to summarily classify Plaintiff's dispute as "frivolous," demanded duplicative documentation, and thereafter ceased responding entirely—while continuing to report a tradeline that had never been accurately identified and could not be verified to a lawful furnisher.
5. Defendant's conduct resulted in the continued reporting of a materially unreliable tradeline that was initially attributed to a foreign credit union, later relabeled to a nonexistent domestic entity, and never correctly verified—despite clear cross-bureau discrepancies and repeated notice.
6. As a direct and proximate result of Defendant's statutory violations, Plaintiff suffered concrete and ongoing harm, including loss of access to credit and capital, interference with business development, reputational injury, and substantial time and administrative burden.
7. This First Amended Complaint is filed pursuant to leave granted by the Court and narrows the action to Defendant Equifax Information Services LLC, the consumer

reporting agency responsible for the creation, maintenance, and dissemination of Plaintiff's credit file.

This action asserts claims under the Fair Credit Reporting Act, including violations of 15 U.S.C. § 1681i(a), § 1681e(b), and § 1681g.

---

# II. PARTIES

## A. Plaintiff

8. Pro Se, Plaintiff Shaun Fleck is a natural person residing in Astoria, Oregon.
9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).
10. At all relevant times, Plaintiff maintained a consumer credit file with Defendant and was subject to credit reporting decisions based on information furnished by Defendant to third parties.

## B. Defendant

11. Defendant Equifax Information Services LLC ("Defendant" or "Equifax Information Services") is a consumer reporting agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f).
12. Defendant regularly assembles, evaluates, maintains, and furnishes consumer credit information to third parties for use in credit, housing, and business transactions.
13. Defendant maintains its principal place of business in Atlanta, Georgia and conducts business nationwide, including within the District of Oregon.
14. Equifax Inc. is the parent company of Equifax Information Services LLC. Equifax Inc. is **not named as a defendant** in this action and is referenced solely for background, notice, and discovery relevance concerning the design, implementation, and oversight of automated dispute-handling systems used by Defendant.

---

# III. JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., a federal statute governing the obligations of consumer reporting agencies.
16. Jurisdiction is further proper under 15 U.S.C. §§ 1681n and 1681o, which provide private rights of action and authorize recovery of damages for willful or negligent noncompliance with the FCRA.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and Defendant's acts and omissions caused harm within this District.

18. Jurisdiction and venue are further proper because Defendant's consumer credit reporting was relied upon by third parties evaluating Plaintiff for credit and business opportunities within this District, resulting in concrete economic harm as reflected in the documentary exhibits attached hereto.

# IV. ARTICLE III STANDING (INJURY, CAUSATION, REDRESSABILITY)

19. Plaintiff has suffered concrete and particularized injuries-in-fact, including denial of credit and business financing, reputational harm, and substantial loss of time and effort, as a direct result of Defendant's inaccurate credit reporting and failure to conduct a lawful reinvestigation.

20. Plaintiff's injuries are fairly traceable to Defendant's acts and omissions, including Defendant's continued reporting of an inaccurate and unverifiable tradeline and its refusal to correct or delete that tradeline after receiving proper notice and documentation.

21. Plaintiff's injuries are redressable by this Court through declaratory relief, injunctive relief requiring deletion of the disputed tradeline, and an award of damages authorized by the Fair Credit Reporting Act.

# V. FACTUAL BACKGROUND

## A. Defendant's Maintenance of Plaintiff's Credit File

22. Defendant Equifax Information Services LLC maintained a consumer credit file on Plaintiff and regularly furnished consumer reports concerning Plaintiff to third parties for credit-related purposes.

23. Plaintiff reviewed his credit file and identified multiple inaccuracies and inconsistencies that materially misrepresented his credit history, including misidentification of account furnishers and inaccurate tradeline reporting, as reflected in Defendant's own credit reporting records attached as **Exhibit D**.

## B. The Disputed Tradeline

24. Among the inaccurate items appearing in Plaintiff's credit file was an auto loan tradeline that was initially attributed to "Swan Valley Credit Union," a Canadian financial institution with no relationship to Plaintiff, as reflected in **Exhibit D-1**.

25. The disputed auto loan tradeline is identified in Defendant's reporting as an account ending in **0101 (the "Disputed Tradeline").

26. Plaintiff never held an account with Swan Valley Credit Union and has never conducted business with any Canadian credit union.

27. At a later time, without explanation or verification provided to Plaintiff, the same tradeline was relabeled by Defendant as belonging to "Delaware Federal Credit Union," as reflected in **Exhibit D-2 and Exhibit D-3**.

28. To Plaintiff's knowledge, "Delaware Federal Credit Union" is not a legitimate or existing financial institution.

29. The loan in question originated with Del-One Federal Credit Union, a separate and identifiable domestic credit union.

30. Other nationwide consumer reporting agencies correctly identified the tradeline as belonging to Del-One Federal Credit Union, creating a clear cross-bureau discrepancy, while Defendant continued to report the tradeline under an inaccurate and misleading designation.

31. Despite this discrepancy and Plaintiff's repeated notice, Defendant failed to correct or delete the tradeline.

32. The tradeline therefore remained materially unreliable, unverifiable, and misleading as to both the identity of the furnisher and the nature of the obligation.

---

## C. Plaintiff's Disputes and Defendant's Responses

33. Beginning in early 2025, Plaintiff submitted multiple written disputes to Defendant via certified mail, challenging the inaccurate reporting and providing factual explanations and supporting documentation, as reflected in **Exhibit A-1 through Exhibit A-7**.

34. Plaintiff's disputes identified cross-bureau discrepancies, misidentification of the furnisher, and reporting inconsistencies sufficient to trigger Defendant's statutory obligation to conduct a reasonable reinvestigation.

35. On July 17, 2025, Defendant issued a written response stating:
*"We consider this new dispute frivolous and will not research this dispute,"*
as reflected in **Exhibit A-3-1**.

36. Defendant's response provided no explanation of how any reinvestigation was conducted or how the disputed information was verified.

37. On the same date, Defendant issued a separate letter demanding additional identity verification, including copies of Plaintiff's government-issued identification and Social Security documentation, as reflected in **Exhibit A-3-2**.

38. Defendant's simultaneous classification of Plaintiff's dispute as "frivolous" while demanding additional identity documentation was internally inconsistent and unsupported by any factual explanation.

39. In good faith and in an effort to resolve the matter without litigation, Plaintiff complied with Defendant's demands.

40. On or about July 22, 2025, Plaintiff submitted a follow-up letter enclosing notarized and apostilled identity documentation, including government-issued photo identification and other requested materials.
41. Defendant received Plaintiff's complete compliance package.
42. After receiving Plaintiff's documentation, Defendant issued no further response.
43. Defendant did not notify Plaintiff of any reinvestigation results, did not request additional information, and did not correct or remove the disputed tradeline.
44. Defendant nevertheless continued to maintain and furnish Plaintiff's credit file containing the inaccurate tradeline.

## D. Automated Dispute Handling and Gatekeeping

45. Upon information and belief, Defendant employs automated systems to intake, classify, and respond to consumer disputes.
46. Defendant's classification of Plaintiff's dispute as "frivolous," followed by a form demand for documentation and subsequent silence, reflects the operation of automated dispute-handling processes rather than a reasonable, individualized reinvestigation.
47. Defendant's use of automated systems in this manner functioned as unlawful gatekeeping, preventing Plaintiff from obtaining the reinvestigation required by statute.
48. Defendant continued these practices despite receiving complete documentation and despite clear notice that the disputed tradeline could not be reliably verified.

## E. Resulting Harm to Plaintiff

49. As a direct and proximate result of Defendant's conduct, Plaintiff suffered concrete harm, including denial of credit and business opportunities, interference with business development, reputational injury, and substantial time and administrative burden.
50. Plaintiff's denial of business credit and financing opportunities is documented in **Exhibit C**, which includes multiple adverse credit decisions over time that reference Defendant's credit reports.
51. Plaintiff was forced to expend significant personal time and resources to attempt to correct Defendant's errors and to pursue this action pro se after Defendant ceased responding.
52. Defendant's continued reporting of the inaccurate tradeline remains a source of ongoing harm.

## F. Regulatory Findings and Notice

53. Prior to the events giving rise to this action, Defendant was the subject of a formal consumer complaint submitted by Plaintiff to the Consumer Financial Protection Bureau ("CFPB"), as reflected in Exhibit B-1.

54. On January 17, 2025, the CFPB issued a Consent Order and Stipulation against Equifax Inc. and Equifax Information Services LLC, Docket No. 2025-CFPB-0002, finding systemic violations of the Fair Credit Reporting Act, including failures to conduct reasonable reinvestigations, improper reliance on automated dispute handling, and the use of procedural barriers that obstruct consumer disputes, as reflected in Exhibit B-2.

55. The conduct identified by the CFPB mirrors the conduct alleged in this Complaint, including Defendant's classification of disputes as "frivolous," demands for duplicative documentation, and failure to provide meaningful reinvestigation results after consumer compliance.

56. Defendant's actions toward Plaintiff occurred after the issuance of the CFPB Consent Order and therefore occurred with notice of its statutory obligations and prior regulatory findings.

# VI. CAUSES OF ACTION

## COUNT I

**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i(a) – Failure to Conduct a Reasonable Reinvestigation**

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

58. Defendant is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and is subject to the reinvestigation requirements of 15 U.S.C. § 1681i(a).

59. Plaintiff notified Defendant, in writing, of specific disputes concerning materially inaccurate information appearing in his consumer credit file.

60. Plaintiff's disputes identified factual inconsistencies, cross-bureau discrepancies, and misidentification of a tradeline that could not be reliably attributed to a lawful furnisher.

61. Plaintiff provided documentation and factual detail sufficient to trigger Defendant's statutory obligation to conduct a reasonable reinvestigation.

62. Rather than conduct a reasonable reinvestigation, Defendant issued a written response classifying Plaintiff's dispute as "frivolous" without explaining how any investigation was performed or how the disputed information was verified.

63. On the same date, Defendant demanded additional identity verification from Plaintiff, notwithstanding its classification of the dispute as frivolous.

64. Plaintiff fully complied with Defendant's identity verification demands by providing notarized and apostilled documentation.

65. After receiving Plaintiff's complete compliance package, Defendant ceased responding and failed to provide any reinvestigation results.

66. Defendant did not correct, delete, or otherwise resolve the disputed tradeline.

67. Defendant's actions and omissions constitute a failure to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i(a).
68. Defendant's conduct was negligent, reckless, and/or willful, including through the use of automated dispute-handling systems that replaced individualized review.
69. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages as alleged herein.

## COUNT II

**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.
71. Defendant is required under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information contained in consumer credit reports.
72. Defendant reported a tradeline that was initially attributed to a foreign financial institution with no relationship to Plaintiff and later relabeled to a nonexistent domestic entity.
73. Defendant continued to report the tradeline under an inaccurate and misleading designation despite clear notice that other consumer reporting agencies correctly identified the actual lender.
74. Defendant's continued reporting of a tradeline that could not be reliably verified as to furnisher identity rendered Plaintiff's credit report materially misleading.
75. Defendant failed to employ reasonable procedures to assure maximum possible accuracy after being placed on notice of the inaccuracies.
76. Defendant's reliance on automated dispute handling and failure to correct or delete the unverifiable tradeline constitutes unreasonable procedure under the FCRA.
77. Defendant's conduct was negligent, reckless, and/or willful.
78. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages as alleged herein.

## COUNT III

**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681g – Failure to Provide Complete File Disclosure**

79. Plaintiff realleges and incorporates by reference paragraphs 1 through 78 as though fully set forth herein.

80. Under 15 U.S.C. § 1681g, Defendant is required to clearly and accurately disclose all information in a consumer's file upon request.
81. Plaintiff complied with Defendant's identity verification requirements and reasonably expected disclosure of complete and accurate information regarding his credit file and dispute status.
82. Defendant failed to provide meaningful disclosure or explanation following Plaintiff's compliance and ceased communication entirely.
83. Defendant's silence following complete identity verification operated as a constructive denial of Plaintiff's right to file disclosure.
84. Defendant's failure to provide complete disclosure further obstructed Plaintiff's ability to understand, dispute, and correct inaccurate information.
85. Defendant's conduct was negligent, reckless, and/or willful.

---

# VII. DAMAGES

86. Plaintiff realleges and incorporates by reference paragraphs 1 through 85 as though fully set forth herein.
87. Defendant's willful noncompliance is further evidenced by its continuation of the same dispute-handling practices identified in the CFPB Consent Order despite regulatory notice and mandated reforms.
88. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff suffered actual damages, including but not limited to:

a. Loss of access to credit and business capital;
b. Interference with business development and economic opportunity;
c. Reputational harm;
d. Administrative burden and significant loss of time and effort;
e. Costs incurred as a result of Defendant's failure to comply with statutory duties.

89. Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1).
90. Defendant's conduct was willful within the meaning of 15 U.S.C. § 1681n, entitling Plaintiff to statutory and punitive damages.
91. Plaintiff is entitled to recover statutory damages, punitive damages, costs, and such other relief as permitted by law.
92. Plaintiff seeks damages in an amount to be proven at trial, not to exceed $2,500,000.

---

## VIII. DECLARATORY AND INJUNCTIVE RELIEF

93. Plaintiff realleges and incorporates by reference paragraphs 1 through 83 as though fully set forth herein.

94. Defendant continues to maintain, disseminate, and furnish inaccurate and misleading information regarding Plaintiff's consumer credit file.

95. Defendant's ongoing reporting of the disputed tradeline constitutes a continuing violation of the Fair Credit Reporting Act and poses a substantial risk of future harm to Plaintiff.

96. Monetary damages alone are insufficient to remedy the ongoing nature of Defendant's violations or to prevent future harm, as Defendant continues to report the disputed tradeline to third parties.

97. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 declaring that Defendant violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. §§ 1681i(a), 1681e(b), and 1681g.

98. Plaintiff seeks injunctive relief requiring Defendant to permanently delete the disputed tradeline from Plaintiff's consumer credit file, as the tradeline has been inaccurately reported and cannot be reliably verified after repeated notice and full consumer compliance.

99. Plaintiff does not seek correction, modification, or recharacterization of the disputed tradeline, but complete removal, as Defendant has forfeited any lawful basis to continue reporting the tradeline under the Fair Credit Reporting Act.

## IX. RESERVATION OF RIGHTS

100.    Plaintiff reserves the right to seek discovery from non-parties pursuant to Federal Rule of Civil Procedure 45, including but not limited to entities possessing information regarding Defendant's automated dispute-handling systems, internal policies, third-party vendors, data verification processes, and regulatory compliance practices.

101.    Plaintiff further reserves the right to seek leave of Court to amend this Complaint to conform to the evidence or to add additional claims or parties should discovery reveal additional facts giving rise to liability.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and grant the following relief:

a. A declaration that Defendant violated the Fair Credit Reporting Act, including 15 U.S.C. §§ 1681i(a), 1681e(b), and 1681g;

b. An injunction requiring Defendant to permanently delete the disputed tradeline from Plaintiff's consumer credit file and to cease furnishing inaccurate or unverifiable information regarding Plaintiff;

c. An award of actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o in an amount to be proven at trial;

d. An award of statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n for Defendant's willful violations;

e. An award of costs of suit and any allowable litigation expenses;

f. Such other and further relief as the Court deems just, proper, and equitable.

---

# XI. RULE 11 CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 11, Plaintiff certifies that this First Amended Complaint is submitted in good faith, is not presented for any improper purpose, and that the factual allegations and legal contentions herein have evidentiary support or, after reasonable investigation, are likely to have evidentiary support following discovery.

---

# XII. CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing First Amended Complaint was served upon counsel of record for Defendant Equifax Information Services LLC via the Court's CM/ECF system and/or by electronic mail in accordance with applicable rules.

Counsel served includes:

Stanton R. Gallegos, OSB #160091
StantonGallegos@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

Signature: _____ DATED: 02 / 05 / 2026

Respectfully submitted,

Shaun Fleck
Plaintiff, Pro Se
Astoria, Oregon

shaunfleck@gmail.com

# Exhibit D

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

Exhibit D

**D.1**

☰                                  myEquifax™                              O 🔔⁰

### Your Equifax credit report

As of July 15, 2025

Credit Report date

Equifax – July 15, 2025

< Back

## SWAN VALLEY CREDIT UNION LTD
Report Date: Jul 15, 2025

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute

## CLOSED
### ACCOUNT STATUS

Closed accounts stay on your credit report for up to 10 years since the date of last activity. Negative information such as late payments or collections, generally stay on your Equifax credit report for up to 7 years from the date of first delinquency.

| Details | Payments | 24 Month History |
|---|---|---|

OVERVIEW

| | |
|---|---|
| Account Number | xxxxxxx 0101 |
| Account Status | CHARGE_OFF |
| Owner | INDIVIDUAL |
| Account Type | INSTALLMENT |
| Creditor Classification | - |
| Loan Type | AUTO |
| Original Creditor Name | - |
| Months Reviewed | 85 |
| Activity Designator | - |
| Terms Frequency | MONTHLY |
| Term Duration | 84 MONTHS |
| Purchased From | - |
| Sold To | - |

BALANCE AND AMOUNTS

| | |
|---|---|
| Balance | $31,550 |
| Credit Limit | - |
| High Credit | - |

1/3

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com



# Exhibit D



☰                              myEquifax⁻                              •

ACCOUNT DATES

Date Opened                                              Feb 21, 2018

Date Reported                                            Jun 01, 2025

Date of Last Activity                                          -

Date of First Delinquency                                Oct 07, 2021

COMMENTS AND CONTACT

CHARGED OFF ACCOUNT

AUTO

FIXED RATE

For questions regarding this account please contact:

SWAN VALLEY CREDIT UNION LTD
DRAWER 1510
SWAN RIVER, MB R0L 1Z0
(204) 734-3469

---

### Disputes

If you find information in your credit report that you believe is incomplete or inaccurate, click FILE A DISPUTE.

FILE A DISPUTE

---

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit D

## D.2



Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit D

## D.3

### Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| High Credit | $1,933 | Payment Responsibility | INDIVIDUAL |
| Credit Limit | | Account Type | OTHER |
| Terms Frequency | UNKNOWN | Term Duration | |
| Balance | $1,933 | Date Opened | Jan 19, 2021 |
| Amount Past Due | $1,933 | Date Reported | Mar 29, 2025 |

EQUIFAX                        SHAUN FLECK | Apr 04, 2025                        Page 28 of 48

Other

| | | | |
|---|---|---|---|
| Actual Payment Amount | | Date of Last Payment | |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 46 | Delinquency First Reported | May 2021 |
| Activity Designator | | Creditor Classification | RETAIL |
| Deferred Payment Start Date | | Charge Off Amount | |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Debt Buyer Account | Date Closed | |
| Date of First Delinquency | Jul 21, 2020 | | |

### Comments

Collection account

### Contact

MIDLAND CREDIT MANAGEMENT
320 E BIG BEAVER RD STE 300
TROY, MI 48083-1271
(877) 822-0381

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit D

# D.4

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| **High Credit** | | **Payment Responsibility** | INDIVIDUAL |
| **Credit Limit** | $1,600 | **Account Type** | REVOLVING |
| **Terms Frequency** | MONTHLY | **Term Duration** | |
| **Balance** | $0 | **Date Opened** | May 21, 2019 |
| **Amount Past Due** | | **Date Reported** | Feb 28, 2021 |
| **Actual Payment Amount** | | **Date of Last Payment** | May 2020 |
| **Date of Last Activity** | | **Scheduled Payment Amount** | |

EQUIFAX                SHAUN FLECK | Apr 04, 2025                Page 17 of 48

Revolving

| | | | |
|---|---|---|---|
| **Months Reviewed** | 21 | **Delinquency First Reported** | Jan 2021 |
| **Activity Designator** | TRANSFER_OR_SOLD | **Creditor Classification** | UNKNOWN |
| **Deferred Payment Start Date** | | **Charge Off Amount** | $1,933 |
| **Balloon Payment Date** | | **Balloon Payment Amount** | |
| **Loan Type** | Charge Account | **Date Closed** | |
| **Date of First Delinquency** | Jul 2020 | | |

## Comments

Charged off account
Account transferred or sold

## Contact

COMENITYCAPITAL/IKEAPROCARD
PO BOX 182120
COLUMBUS, OH 43218-2120
(855) 796-9632

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit D

# Exhibit C

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

**Exhibit C**

 Gmail

Shaun <marketpulse.ai.llc@gmail.com>

**Adverse Action: Denial Reasons**
1 message

**Accion Opportunity Fund Loans** <loans@aofund.org>                    Fri, Jun 27, 2025 at 12:50 PM
To: "marketpulse.ai.llc@gmail.com" <marketpulse.ai.llc@gmail.com>



**ACCION OPPORTUNITY FUND**

06/27/2025

MarketPulse AI LLC.
2035 5th street apt 210,
Astoria,OR,97103

Dear **MarketPulse AI LLC,**

Thank you for applying for a small business loan with Accion Opportunity Fund[1] After careful consideration of your loan application, we regret we are unable to provide you with a small business loan at this time for the following reason(s):

Application Decline Reasons
  Insufficient revenue
  Insufficient time in business

We appreciate the opportunity to review your application.

Sincerely,
Accion Opportunity Fund[1]

**Notice:** The Equal Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

 Gmail                          Shaun <marketpulse.ai.llc@gmail.com>

**In response to your loan request(s)**
1 message

**OneMain Financial** <onemain@service.omf.com>              Mon, Feb 24, 2025 at 7:02 AM
Reply-To: OneMain Financial <no-reply@service.omf.com>
To: marketpulse.ai.llc@gmail.com

# Thanks for looking into OneMain loan offers.

02/24/2025
Communication ID: 199512682

Hi Shaun,

We are responding to the loan request(s) you made recently, either directly with OneMain Financial or through an online loan site such as LendingTree or Intuit Credit Karma.

We know how important it can be to get money when you need it. Unfortunately, we are unable to provide you with any loan offers at this time.

   Important: **Checking for loan offers did not affect your credit score.**

The following requests were denied for the reasons listed below:

   Application date  02/23/2025
   Reference #: 586273545
   Reason(s) for denial:

   • Limited credit file

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

We obtained information from one or more credit reporting agencies as part of our consideration of your application. These agencies were not involved in our decision on your application, but you are entitled to know what information is included in your credit file with the agency or agencies. Under a law called the Fair Credit Reporting Act, you can obtain a free copy of your credit report from them if you request it within 60 days of receiving this notice. You can also dispute the accuracy or completeness of any information in your credit file directly with the agency or agencies.

The agency or agencies are listed below.
Experian
P.O. Box 2002
Allen, TX 75013-2002
888-397-3742

**Remember that your financial picture can change over time**. Visit OMF.com/Resources for free resources to help you brush up on topics like budgeting, building credit and saving money.

We'll be happy to take a fresh look if you apply for a OneMain loan offer in the future. When you're ready, come back to OMF.com to check for offers.

Sincerely,
OneMain

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

 Gmail                                    Shaun <marketpulse.ai.llc@gmail.com>

**Re: Interest in an SBA Guaranteed Loan**
1 message

**Ready Capital** <notification@rcl.funding.business>          Wed, Feb 26, 2025 at 2:32 PM
Reply-To: funding@sb.readycapital.com, notification@rcl.funding.business
To: marketpulse.ai.llc@gmail.com

 READY CAPITAL.

---

**Re: Interest in an SBA Guaranteed Loan**

**Application Number:** APP-343335

Dear Shaun,

Thank you for applying to us for credit. We have given your request careful consideration, and regret that we are unable to extend credit to you at this time for the following reason:

Application does not meet lender's risk threshold

This statement of the principal reason for the denial does not constitute a waiver of our right to specify other reasons for such action. We encourage you to re-apply in a few months, at which time we would be glad to revisit your application.

If you have any questions regarding this notice, or interest in other financial products, you should contact ReadyCap Lending, LLC, 200 Connell Drive, Suite 4000, Berkeley Heights, NJ 07922.

**NOTICE**

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

 Gmail

Shaun <marketpulse.ai.llc@gmail.com>

---

## Regarding your SBA 7(a) loan application for MarketPulse AI LLC

1 message

info@newitymarket.com <info@newitymarket.com>                    Tue, Feb 25, 2025 at 5:58 PM
Reply-To: support@newitymarket.com
To: marketpulse.ai.llc@gmail.com

NORTHEAST BANK
35 CANAL STREET
LEWISTON, MAINE 04240

### STATEMENT OF CREDIT DENIAL, TERMINATION, OR CHANGE

To: MarketPulse AI LLC
Date: February 26, 2025

In compliance with Regulation "B" (Equal Credit Opportunity Act), you are advised that your
recent application for an extension of credit has been declined. The decision to deny your
application was based on the following reasons:

__X__  Does not meet program guidelines.

Should you have any additional information which might assist us in evaluating your
creditworthiness, or questions about this notice, please contact NEWITY LLC at (773) 839-
8089. Thank you for applying.

Very truly yours,
Northeast Bank

Description of Account, Transaction or requested credit: SBA 7(a) Loan
Description of Action Taken: Denied
Date Applied: 2025-02-26
Date Denied: 2025-02-26

### NOTICE

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against
credit applicants on the basis of race, color, religion, national origin, sex, marital status, age,
sexual orientation, or gender identity (provided that the applicant has the ability to enter into
a binding contract), because all or part of the applicant's income derives from any public
assistance program, or because the applicant has in good faith exercised any right under the
Consumer Protection Act. The Federal agency which administers compliance with this law
for Northeast Bank is:

FDIC Consumer Response Center, 1100 Walnut St. Box #11 Kansas City, MO 64106, 877-
275-3342

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

 Gmail

Shaun <marketpulse.ai.llc@gmail.com>

## Regarding your SBA 7(a) loan application for Tabix Academy LLC

1 message

**info@newitymarket.com** <info@newitymarket.com>
Reply-To: support@newitymarket.com
To: marketpulse.ai.llc@gmail.com

Fri, Jun 27, 2025 at 2:47 PM

NORTHEAST BANK
35 CANAL STREET
LEWISTON, MAINE 04240

### STATEMENT OF CREDIT DENIAL, TERMINATION, OR CHANGE

To: Tabix Academy LLC
Date: June 27, 2025

In compliance with Regulation "B" (Equal Credit Opportunity Act), you are advised that your recent application for an SBA 7(a) loan has been declined. The decision to deny your application was based on the following reasons.

#### DISCLOSURE OF USE OF INFORMATION OBTAINED FROM AN OUTSIDE SOURCE

__X__ Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency or agencies listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Agency: Equifax Information Services, LLC, P.O. Box 740256 Atlanta, GA 30374-0256, 866-349-5191

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

- Your credit score: 541
- Date: 2025-06-27
- Scores range from a low of 300 to a high of 839
- Key factors that may have adversely affected your score:
  - Serious delinquency, and public record or collection filed;
  - Time since delinquency is too recent or unknown;
  - Too many inquiries last 12 months;
  - Inquiries may impact the score, but not significantly;

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

Should you have any additional information which might assist us in evaluating your creditworthiness, or questions about this notice, please contact NEWITY LLC at (773) 839-8089. Thank you for applying.

Very truly yours,
Northeast Bank

Description of Account, Transaction or requested credit: SBA 7(a) Loan
Description of Action Taken: Denied
Date Applied: 2025-06-27
Date Denied: 2025-06-27

---

### NOTICE

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age, sexual orientation, or gender identity (provided that the applicant has the ability to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Protection Act. The Federal agency which administers compliance with this law for Northeast Bank is:

FDIC Consumer Response Center, 1100 Walnut St, Box #11 Kansas City, MO 64106, 877-275-3342

**NEWITY LLC © 2025**                              newitymarket.com

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

 **Gmail**

Shaun <marketpulse.ai.llc@gmail.com>

**Update on your Loan Application**
10 messages

no-reply@netcredit.com <no-reply@netcredit.com>
To marketpulse.ai.llc@gmail.com

Mon, Feb 24, 2025 at 9:23 AM

Date: February 24, 2025 5:23:46 PM UTC
Applicant's Name: Shaun Fleck
Account #: 55657547
Applicant's Address: 2035 5th St, ASTORIA, OR, 97103

Dear Applicant: You are receiving this notice because you applied for a NetCredit product through one of our marketing partners. Your application was submitted to Transportation Alliance Bank, which offers NetCredit loans and lines of credit, for review. Your request for consumer credit was carefully considered, and we regret that we are unable to approve your application at this time, for the following reason(s):

You have submitted an application that was declined within the last 365 days.

Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

*If you have any questions regarding this notice, you should contact:*

**Creditor: TAB Bank**
TAB Bank c/o NetCredit, as servicer
175 W. Jackson Blvd., Suite 600
Chicago, IL 60604
(877) 392-2014

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program;

or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The Federal Agency that administers compliance with this law concerning this creditor is: Division of Depositor and Consumer Protection, National Center for Consumer and Depositor Assistance, Federal Deposit Insurance Corporation, 1100 Walnut Street, Box #11, Kansas City, MO 64106.

NetCredit
175 W. Jackson Blvd.
Suite 600, Chicago, IL 60604

support@netcredit.com
(877) 392-2014

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

Date: February 24, 2025 5:52.22 PM UTC
Applicant's Name: Shaun Fleck
Account #: 55657547
Applicant's Address: 2035 5th St. ASTORIA, OR. 97103

Dear Applicant: You are receiving this notice because you applied for a NetCredit product through Even Financial. Your application was submitted to Republic Bank & Trust Company, which offers NetCredit loans and lines of credit, for review. Your request for consumer credit was carefully considered, and we regret that we are unable to approve your application at this time, for the following reason(s):

You have submitted an application that was declined within the last 365 days.

Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

*If you have any questions regarding this notice, you should contact:*

**Creditor: Republic Bank & Trust Company**
Republic Bank & Trust Company
4030 Smith Road
Cincinnati, Ohio 45209
Serviced by NetCredit (877) 392-2014

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The Federal Agency that administers compliance with this law concerning this creditor is: Division of Depositor and Consumer Protection, National Center for Consumer and Depositor Assistance, Federal Deposit Insurance Corporation, 1100 Walnut Street, Box #11, Kansas City, MO 64106.

NetCredit
175 W. Jackson Blvd..
Suite 600  Chicago, IL 60604

support@netcredit.com
(877) 392-2014

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

Date: February 24, 2025 5:52:48 PM UTC
Applicant's Name: Shaun Fleck
Account #: 55657547
Applicant's Address: 2035 5th St. Astoria. OR, 97103

Dear Applicant: You are receiving this notice because you applied for a NetCredit product through QuinStreet. Your application was submitted to Republic Bank & Trust Company. which offers NetCredit loans and lines of credit, for review. Your request for consumer credit was carefully considered. and we regret that we are unable to approve your application at this time, for the following reason(s):

You have submitted an application that was declined within the last 365 days.

Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request. no later than 60 days after you receive this notice, for disclosure of the nature of this information.

*If you have any questions regarding this notice. you should contact:*

**Creditor: Republic Bank & Trust Company**
Republic Bank & Trust Company
4030 Smith Road
Cincinnati. Ohio 45209
Serviced by NetCredit (877) 392-2014

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion. national origin, sex. marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The Federal Agency that administers compliance with this law concerning this creditor is: Division of Depositor and Consumer Protection. National Center for Consumer and Depositor Assistance. Federal Deposit Insurance Corporation, 1100 Walnut Street, Box #11. Kansas City. MO 64106.

NetCredit
175 W. Jackson Blvd..
Suite 600  Chicago. IL 60804

support@netcredit.com
(877) 392-2014

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

no-reply@netcredit.com <no-reply@netcredit.com>                    Mon. Feb 24, 2025 at 9:53 AM
To: marketpulseaillc@gmail.com

Date: February 24, 2025 5:53:42 PM UTC
Applicant's Name: Shaun Fleck
Account #: 55657547
Applicant's Address: 2035 5th St, Astoria, OR, 97103

Dear Applicant: You are receiving this notice because you applied for a NetCredit product through QuinStreet. Your application was submitted to Republic Bank & Trust Company, which offers NetCredit loans and lines of credit, for review. Your request for consumer credit was carefully considered, and we regret that we are unable to approve your application at this time, for the following reason(s):

You have submitted an application that was declined within the last 365 days.

Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

*If you have any questions regarding this notice, you should contact:*

**Creditor: Republic Bank & Trust Company**
Republic Bank & Trust Company
4030 Smith Road
Cincinnati, Ohio 45209
Serviced by NetCredit (877) 392-2014

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract): because all or part of the applicant's income derives from any public assistance program;

or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The Federal Agency that administers compliance with this law concerning this creditor is: Division of Depositor and Consumer Protection, National Center for Consumer and Depositor Assistance, Federal Deposit Insurance Corporation, 1100 Walnut Street, Box #11, Kansas City, MO 64106.

NetCredit                                                    support@netcredit.com
175 W. Jackson Blvd.,
Suite 600, Chicago, IL 60604                                 (877) 392-2014

2035 5th St Apt 210                          # Exhibit C
Astoria, Oregon 97103
shaunfleck@gmail.com

Date: February 24, 2025 5:53:46 PM UTC
Applicant's Name: Shaun Fleck
Account #: 55657547
Applicant's Address: 2035 5th St, ASTORIA, OR, 97103

Dear Applicant: You are receiving this notice because you applied for a NetCredit product through one of our marketing partners. Your application was submitted to Transportation Alliance Bank, which offers NetCredit loans and lines of credit, for review. Your request for consumer credit was carefully considered, and we regret that we are unable to approve your application at this time, for the following reason(s):

You have submitted an application that was declined within the last 365 days.

Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

*If you have any questions regarding this notice, you should contact:*

**Creditor: TAB Bank**
TAB Bank c/o NetCredit, as servicer
175 W. Jackson Blvd., Suite 600
Chicago, IL 60604
(877) 392-2014

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The Federal Agency that administers compliance with this law concerning this creditor is: Division of Depositor and Consumer Protection, National Center for Consumer and Depositor Assistance, Federal Deposit Insurance Corporation, 1100 Walnut Street, Box #11, Kansas City, MO 64106.

NetCredit                                            support@netcredit.com
175 W. Jackson Blvd.                                 (877) 392-2014
Suite 600. Chicago, IL 60604

Shaun Fleck
2035 5th St Apt 210              **Exhibit C**
Astoria, Oregon 97103
shaunfleck@gmail.com

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

## CERTIFICATE OF SERVICE

I hereby certify that on ___/___/2025, a copy of the foregoing document was filed with the Clerk of the U.S. District Court via the Court's CM/ECF system and that all registered parties were served electronically via CM/ECF on that same date.

Pro Se Plaintiff:

Shaun Fleck

shaunfleck@gmail.com

Dated: July 26, 2025

/s/ Shaun Fleck

Sent via email to:

Alayna L. Nicholes, OSB #152318
Alayna.Nicholes@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
 888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801
Attorneys for Defendant Del-One Federal Credit
Union

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit C

# Exhibit B

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

# B.1

# Review your complaint

Please review the information below before submitting this complaint. You can return to any section to make changes by selecting "Edit this section."

## Step 1

### Inactive modal
Edit this section
### What product or service is your complaint about?

**PRODUCT OR SERVICE**

Credit reporting or other personal consumer reports

**TYPE**

Credit reporting

### Inactive modal

## Step 2

### Inactive modal
Edit this section
### What type of problem are you having?

**ISSUE**

Problem with a company's investigation into an existing problem

**HAVE YOU ALREADY TRIED TO FIX THIS PROBLEM WITH THE COMPANY?**

Yes

**DID YOU REQUEST INFORMATION FROM THE COMPANY?**

Yes

**WHAT INFORMATION DID YOU REQUEST?**

TransUnion

**DID THE COMPANY PROVIDE THIS INFORMATION?**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

No
**TYPE OF ISSUE**

Their investigation did not fix an error on your report

# Step 3

## Inactive modal
Edit this section
# What happened?

I am submitting this complaint against TransUnion, but I want to emphasize that this issue extends to systemic practices across all three major credit bureaus: TransUnion, Equifax, and Experian. I am actively disputing multiple inaccurate or unverifiable items on my credit report. These include accounts reported by entities such as Wells Fargo, IKEA (Synchrony), Midland Credit, resurgent, and Del-One Federal Credit Union. Some of these items are currently part of an active federal lawsuit (3:25-cv-01048-SB). I have sent multiple certified dispute letters to TransUnion and the other CRAs, attaching legal exhibits, timelines, and clear requests for verification or deletion. These were sent over 90 days ago and have not been adequately addressed. Core Issue with TransUnion: When attempting to submit a new dispute through their online dispute center, I am blocked from submitting multiple disputes. The system returns an error message citing an "open dispute," even though I am attempting to file a new dispute about a completely separate tradeline. This prevents access to the dispute center entirely, even for unrelated issues. When I contacted TransUnion's live support agent "Tony," he confirmed that the system restricts submission until a previous dispute is fully resolved even if the new dispute involves a different tradeline, different creditor, and different supporting documents. I explained that this obstructs my ability to address all issues on my report. In response, I was told to "wait 3–5 business days" and "mail further documentation." This creates an artificial delay and makes it impossible to file multiple disputes efficiently, despite the fact that credit reports often contain multiple errors. This is especially troubling when I am on federal deadlines or responding to active legal proceedings. Unfair Practices Across All Bureaus: All three CRAs impose strict character count limitations (approx. 210 characters) on online dispute submissions, which prevents consumers from explaining the context or attaching legal citations or references. Each bureau limits file uploads to approx. 7MB combined for all documents, despite the fact that exhibits such as court filings, certified mail receipts, and notarized declarations often exceed this limit. Boilerplate responses are often received that do not reference the actual dispute content, documents sent, or legal claims raised. This practice violates the intent of the FCRA and deprives consumers of meaningful review. Experian in particular has refused to acknowledge any certified letters, and has never responded to direct mailed disputes despite being legally required to investigate under 15 U.S.C. §1681i. I have a complete record of all mailed notices, delivery confirmations, and follow-ups, including documentation of these interactions. I am prepared to submit all materials in PDF or ZIP format upon request. This complaint should not only initiate a

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

formal investigation into TransUnion's practices, but also be logged as part of a larger systemic concern regarding how consumers are functionally prevented from exercising their rights under the Fair Credit Reporting Act (FCRA). My name and identity are protected under an active private trust and registered intellectual property filings, and I am submitting this complaint not just for my personal protection, but also as part of a larger legal and educational campaign to reform the current broken dispute system.

**I WANT THE CFPB TO PUBLISH THIS DESCRIPTION ON CONSUMERFINANCE.GOV SO THAT OTHERS CAN LEARN FROM MY EXPERIENCE.**

The CFPB will take steps to remove my personal information from this description but someone may still be able to identify me. Learn how it works. I consent to publishing this description after the CFPB has taken these steps.

Inactive modal
Inactive modal
Edit this section

## What would be a fair resolution to this issue?

A fair resolution would include: 1. Full Removal or Correction of Disputed Accounts: Immediate and thorough investigation into the disputed tradelines submitted, including Midland, IKEA/Synchrony, Wells Fargo, and Del-One Federal Credit Union. If no verified contracts, original signed applications, or legally sufficient documentation can be produced, the accounts must be deleted in compliance with 15 U.S.C. §1681i and §1681s-2. 2. Internal Audit of Dispute Obstruction Practices: TransUnion (and other CRAs) must be held accountable for intentionally limiting dispute explanations to ~210 characters and document uploads to 5–7MB, which makes it impossible for consumers to file comprehensive, legally compliant disputes. I request that the CFPB conduct a formal audit of these practices to determine whether they constitute systemic FCRA violations. 3. Public Recommendation for CRA Dispute Portal Reform: The CFPB should issue clear guidance or rulemaking requiring: Adequate character limits (minimum 2,000 characters) for dispute descriptions At least 25MB upload capability per document,(also CFPB) or the ability to submit ZIP files Transparent confirmation of receipt and content indexing A multi-dispute interface so consumers are not blocked from submitting additional disputes while one is pending 4. Damages Consideration and Oversight Referral: I have experienced consequential damages, including credit denial, emotional strain, and substantial loss of time and resources caused by years of ignored certified letters, obstructive online tools, and pattern boilerplate responses. While I intend to pursue direct court relief from the bureaus, the CFPB should refer this complaint to its internal enforcement division for potential civil penalties and further investigation of industry-wide abuse. 5. Ongoing Monitoring: I request that my dispute file remain open and monitored by the CFPB until the issues are fully addressed and that a formal response from TransUnion include their internal investigation results, not a generic "dispute closed" statement. TransUnion must

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

show accountability and transparency in its response to this complaint. 6. Fair compensation for damages

## Inactive modal

Edit this section

**14 attachments**

View uploaded documents by clicking on the file name. Documents that pass virus scanning are typically available within 2 minutes of upload.

SF_cover_letter_L3.docx (3.6 MB)

Experian_D1_L1_SF.docx (24 KB)

Del-one-transunion-letter.docx (21.4 KB)

Tarbix_Legal_Systems_Enforcement_Response_TU_L2.docx (8.3 MB)

Disputed_Tradelines_Audit_Notice.docx (3.4 MB)

Equifax_L3_response_Final.docx (1.6 MB)

Equifax_SF_D1_L1.docx (20.8 KB)

Experian_Escalation_Notice_L2.D1.docx (7.8 MB)

Equifax_L2_D1_SVCU.docx (6.4 MB)

legal_team_cover_letter_L1_trust.docx (3.6 MB)

TransUnion_Final_L2_SF.docx (35.7 KB)

FORMAL_CEASE_AND_DESIST_equifax_mpai.docx (7.5 MB)

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

Final Corporate Trust Escalation_L2.docx (3.9 MB)

SF_TU_cover letter_L3.docx (5.9 MB)

# Step 4

## Inactive modal
Edit this section
## What company is this complaint about?

**COMPANY INFORMATION**

    TransUnion

**SOCIAL SECURITY NUMBER (LAST FOUR DIGITS)**
**ADDITIONAL CREDIT REPORTING COMPANY**

    EXPERIAN

**SOCIAL SECURITY NUMBER (LAST FOUR DIGITS)**
**COMPLAINT ALSO SUBMITTED TO THIS COMPANY?**

    Yes

**ATTEMPTED TO FIX WITH THIS COMPANY?**

    Yes

**DID YOU REQUEST INFORMATION FROM THE COMPANY?**

    Yes

**WHAT INFORMATION DID YOU REQUEST?**

    investigations

**DID THE COMPANY PROVIDE THIS INFORMATION?**

    No
**ADDITIONAL CREDIT REPORTING COMPANY**

    EQUIFAX

**SOCIAL SECURITY NUMBER (LAST FOUR DIGITS)**
**COMPLAINT ALSO SUBMITTED TO THIS COMPANY?**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

Yes

**ATTEMPTED TO FIX WITH THIS COMPANY?**

Yes

**DID YOU REQUEST INFORMATION FROM THE COMPANY?**

No

# Step 5

# Inactive modal

Edit this section

# What people are involved?

**YOUR CONTACT INFORMATION**

Shaun Fleck

shaunfleck@gmail.com
503-686-8589

2035 5th street 210 Astoria, Oregon 97103 United States

**YOUR PREFERRED LANGUAGE**

English

**YOUR DEMOGRAPHIC INFORMATION**

**AGE**

42

**SEX**

Male

**HISPANIC, LATINO, OR SPANISH ORIGIN**

No

**RACE**

White

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

**HOUSEHOLD SIZE INCLUDING TOTAL NUMBER OF ADULTS AND CHILDREN**

1

**COMBINED ANNUAL HOUSEHOLD INCOME**

$75,000 - $99,999

I authorize and direct (1) the consumer reporting agency identified in my complaint to share determinations of and actions taken by the company for the purpose of responding to my complaint, and (2) the CFPB to share this information with certain government agencies.

The information given is true to the best of my knowledge and belief. I understand that the CFPB cannot act as my lawyer, a court of law, or a financial advisor.

# You have successfully submitted your complaint!

A message has been sent to you with instructions on how to track your complaint.

**ID FOR COMPLAINT SENT TO TRANSUNION**

251002-24635291

**ID FOR COMPLAINT SENT TO EXPERIAN**

251003-24635850

**ID FOR COMPLAINT SENT TO EQUIFAX**

251003-24635851

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B



(855) 411-2372
consumerfinance.gov

# The company has responded that it is still working on your issue.

We expect companies to respond to every complaint within a reasonable amount of time. The company has responded that it is still working on your issue. You should hear from them again with a final response within 60 days.

You can log in to see the company's response at **CFPB**'s secure website. You can also review the company's response by phone with someone.

**COMPLAINT ID**

# 251003-24635851

**SUBMITTED ON**
10/03/2025

**PRODUCT**
Credit reporting or other personal consumer reports

**ISSUE**
Problem with a company's investigation into an existing problem

Log in to view company response

First time logging in? Set up your password

(855) 411-2372    (Voice and TTY)
consumerfinance.gov

Learn about our complaint process

Need legal assistance?

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

## B.2



/ Enforcement Actions

# Equifax, Inc. and Equifax Information Services LLC

On January 17, 2025, the Bureau issued an order against Equifax, Inc. and Equifax Information Services LLC (collectively, Equifax), one of the largest consumer reporting agencies in the country. Equifax collects and organizes data on most adult Americans to generate consumer reports, which it sells to creditors and other businesses that evaluate whether to offer consumers loans, jobs, housing, and certain other products. To promote the accuracy and fairness of information in consumer reports, the federal Fair Credit Reporting Act (FCRA) gives consumers the right to dispute incomplete or inaccurate information in their credit file and requires consumer reporting agencies, like Equifax, to forward notice of the dispute to the company that originally provided the information (called the "furnisher"). FCRA also requires consumer reporting agencies to reinvestigate such disputes and remove or correct any inaccurate, incomplete, or unverifiable information. The Bureau found that Equifax violated FCRA, including by failing to properly conduct reinvestigations of disputed information in consumer files; failing to prevent the improper reinsertion of previously deleted information from consumer files; failing to provide adequate written notice to consumers of the results of its reinvestigations; failing to follow reasonable procedures to assure maximum possible accuracy of information Equifax reports on consumers; and failing to block reporting of information consumers identified as resulting from identity theft and to provide appropriate notice when such blocks were declined or rescinded. The Bureau also found that Equifax engaged in unfair acts or practices in violation of the Consumer Financial Protection Act of 2010 by: (1) using ineffective systems, flawed processes, and excessive deference to furnishers to resolve consumer disputes and failing to adequately inform consumers of the results of reinvestigations; and (2) selling inaccurate consumer credit scores and credit attributes after it introduced "test code" into a production environment in a scoring model server. The order requires Equifax to come into compliance with the law and pay a $15 million civil money penalty.

**RELATED DOCUMENTS**

Consent Order ⟶

Stipulation ⟶

**PRESS RELEASE**

CFPB Orders Equifax to Pay $15 Million for Improper Investigations of Credit Reporting Errors

**CASE DOCKET**

View case filings

### ACTION DETAILS

**Forum**

Administrative Proceeding

**Docket number**

2025-CFPB-0002

**Initial filing date**

JAN 17, 2025

**Status**

Post Order/Post Judgment

See status definitions

**Products**

CONSUMER REPORTING AGENCIES

### FURTHER READING

**Blog**

Back from the Dead: Zombie Second Mortgages

JAN 17, 2025

**Newsroom**

CFPB Reaches Settlement with FirstCash, Inc. and Its Subsidiaries for Military Lending Act Violations

JUL 11, 2025

View more

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit B

# Exhibit A

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

## A.1

Subject: Formal Notice – Incomplete Dispute Resolution and Pending Legal Escalation

**Shaun Fleck**
2035 5th St. apt. 210
Astoria, Oregon 97103
**To:**
Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374-0256
**Date:** July 7, 2025
**Reference Dispute ID:** Confirmation # 5128503461
**Credit File Affected:** Shaun Fleck – DOB: 11/09/1983 – SSN Ending: 7494

Dear Equifax Legal Department,
This letter serves as a formal notification of your **failure to properly respond** or resolve the recent dispute I submitted to Equifax, referenced above. This dispute concerns a tradeline reported by **Del-One Federal Credit Union / Swan Valley Credit Union**, which I have disputed due to evidence of fraudulent activity, procedural errors, and inconsistent credit reporting behavior.
Your response dated June 1, 2025, was insufficient. No reinvestigation documents, supporting evidence, or proper communications from the data furnisher were provided, and yet the account remains on file. This letter serves as **formal demand** for the following:

### REQUIRED WITHIN 7 DAYS
1. **Full documentation** of your reinvestigation procedures.
2. **Proof of verification** provided by the data furnisher, with timestamps.
3. **Explanation** of why this tradeline remains, despite repeated documented fraud complaints and certified letters sent to all parties.
4. **Clear outline** of Equifax's obligations under FCRA §§ 1681i, 1681g, and any other relevant provisions.

### LEGAL VIOLATIONS UNDER REVIEW
- **FCRA §1681i(a)(1)(A)** – Failure to reinvestigate or validate claims.
- **FCRA §1681g** – Failure to provide consumer access to files used to make final determination.
- **FCRA §1681s-2(b)** – Failure to delete unverifiable tradelines after notice.
- **Constructive Refusal Doctrine** – Silence or vague replies amount to denial of legal process.
- **Patterned Obstruction** – Equifax's response follows the same pattern now present with TransUnion and Experian.

### DEADLINE NOTICE
You have **7 calendar days** from the date this letter is received to issue a formal response with the documentation requested above. If you fail to do so, your institution will be treated as having constructively refused to correct known inaccuracies, and legal escalation will commence.
Further legal actions may include civil suit under **FCRA §1681n and §1681o**, claim filing with the CFPB and FTC, and possible joinder into an active federal case involving the same tradeline and fact pattern.

### DISCLAIMERS & LEGAL SAFEGUARDS
- This letter and format are prepared using AI-based legal structuring tools and are protected under company IP.
- Any attempt to manipulate, obstruct, or delete relevant backend records will constitute spoliation and result in additional litigation.
- No NDAs or settlement restrictions have been implied or suggested unless explicitly agreed upon in writing by the undersigned.

Sincerely,
Shaun Fleck

Signature:_____ Date:___/___/2025

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

## A.2

# FINAL NOTICE



**Shaun Fleck**
2035 5th St. apt. 210
Astoria, Oregon 97103
**To:**
Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374-0256
**Date:** July 16, 2025
**Reference Dispute ID:** Confirmation # 5128503461
**Credit File Affected:** Shaun Fleck – DOB: 11/09/1983 – SSN Ending: 7494
**ATTN: Equifax Compliance / Disputes Division / Legal department**
Subject: Ongoing Violations of Federal Disclosure and Reporting Statutes

To whom it may concern,
Despite prior communication regarding the disputed tradeline associated with **Swan Valley / Delaware Federal Credit Union / Del-One Federal Credit Union**, you have **failed to provide a meaningful or itemized response** within the required timeframe.
Specifically, your failure to:

- Provide full **itemization of all debt components** (including interest, fees, insurance charges, and adjustments);
- Identify the **accurate origin and chain of assignment** of this tradeline;
- Acknowledge **receipt of certified correspondence** or respond to multiple attempts at resolution;
- Clarify the **conflicting address data** found within your credit file (e.g., Swan Valley Credit Union listing a U.S. tradeline with a **Canadian address**);

...constitutes a direct violation of the following federal laws:

- **Fair Credit Reporting Act (FCRA)** — 15 U.S.C. §§ 1681i(a)(1), 1681s-2(b), 1681g;
- **Truth in Lending Act (TILA)** — 15 U.S.C. § 1635;
- **Regulation Z** — 12 C.F.R. § 1026.18 and § 1026.20;
- **FTC Act § 5**, governing deceptive trade practices.

You were previously placed on **legal notice of a federal case already filed (Case No. 3:25-cv-01048-SB)** against one of the creditors associated with this tradeline. Your failure to comply with federal obligations has now become a matter of evidentiary concern and will be **reported to the appropriate regulatory and judicial authorities.**

---

### 🔲 PRE-LITIGATION REMEDY OFFER (FINAL)

To resolve this matter outside of litigation, Equifax is invited to:

1. **Fully remove the tradeline(s)** in question;
2. Submit a **formal explanation of data source, legal standing, and itemization** within 7 business days;
3. Remit a **settlement payment of $250,000.00** for damages associated with unlawful and negligent reporting, obstruction of credit opportunities, and psychological duress caused by repeated violations.

If no response is received, Equifax will be considered complicit in the wider pattern of abuse and **will be added to the active litigation docket, or a separate action will be initiated,** including class action discovery claims under RICO and the FDCPA

This letter was prepared with the assistance of AI systems operating under MarketPulse AI LLC, and includes content protected under U.S. Copyright Law and applicable intellectual property frameworks.
© 2025 MarketPulse AI LLC | MPAI Trust | All Rights Reserved.



Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

# FINAL NOTICE

**REMINDER OF PRIOR FEDERAL CASES UPHOLDING CONSUMER RIGHTS**
Equifax is hereby reminded that **multiple federal courts have ruled in favor of consumers** in FCRA, TILA, and FDCPA-related disputes involving:

- **Failure to investigate;**
- **Misreporting tradelines;**
- **Failure to correct disputed information;**
- **Refusal to identify or verify creditors or furnishers of information;**
- **Negligent and willful compliance failures.**

**Notable Case Law Examples:**

- **Cushman v. Trans Union Corp.**, 115 F.3d 220 (3d Cir. 1997)
  The court ruled that credit reporting agencies must *do more than rely on the creditor's word* and must conduct an **independent investigation** when a dispute is filed.
- **Dennis v. BEH-1, LLC**, 520 F.3d 1066 (9th Cir. 2008)
  FCRA violations involving inaccurate reporting *and failure to correct* after dispute led to **significant damages.**
- **Drew v. Equifax Info. Servs., LLC**, 690 F.3d 1100 (9th Cir. 2012)
  Ruled that failure to reinvestigate after notice from the consumer constituted a **willful violation** of the FCRA.
- **Cortez v. Trans Union, LLC**, 617 F.3d 688 (3d Cir. 2010)
  Highlighted the importance of **clear and accurate identification** of debt origin and ownership.
- **Richardson v. Equifax Credit Information Services**, 2004 WL 1124649 (E.D. Pa. May 20, 2004)
  Case involved **failure to delete inaccurate tradelines** even after multiple disputes. Court awarded damages.
- **Julie Miller v. Equifax (2013)** – $18.6M jury award in Oregon after Equifax failed to correct multiple verified disputes.
- **Ramirez v. TransUnion (2021)** – $60M class action for false association with a federal watchlist; ruled a willful violation of FCRA.
- **Cowans v. Equifax (2023)** – Established that consumers may pursue FCRA damages even when regulators fail to act.
- **Kohl & Cook v. Experian (2021)** – Jury initially awarded $3M in punitive damages for systemic dispute denial under Experian's "suspicious mail" policy. Although later reversed on appeal, it **revealed how severely juries view corporate policies that obstruct lawful consumer rights.** This mirrors TransUnion's current position: ignoring lawful disputes even when sent via certified mail.
- **FCRA §1681n(a)(2)** – Authorizes punitive damages where violations are shown to be willful or reckless.
- **FCRA §1681p** – Extends the statute of limitations where concealment or non-response prevents the consumer from discovering the full extent of harm.

**Class Action Precedent** – The pattern of nonresponse, concealment, and continued credit harm falls squarely in line with the same structures that produced $18M–$60M judgments in other cases. TransUnion is not exempt from those consequences, and it is on notice that this case may escalate similarly.

---

Given these precedents—and the fact that I have already initiated a federal case supported by **certified correspondence, refusal patterns, and exhibits**—I am well within legal grounds to escalate this matter. Should Equifax fail to engage in meaningful settlement discussions or correct the record, **the risk of court-sanctioned penalties, discovery exposure, and reputational damage increases exponentially.** This is your **final opportunity** to respond in good faith before formal action is expanded.

This letter was prepared with the assistance of AI systems operating under MarketPulse AI LLC, and includes content protected under U.S. Copyright Law and applicable intellectual property frameworks.
© 2025 MarketPulse AI LLC | MPAI Trust | All Rights Reserved.

This document is authenticated using the Unshyft QUANTICA™ Framework, Sigil ID UNSHT_SIGIL_001_Centrum Master Key. Certificate UNSHT_001_Master Verification: Enabling Watermark Reference. AZURE_TRUST_LAWSEADS_OR Integrity Token: 000XXX0X000XXXXX UNSHT TRUST 001 Sigil-001. Any modification, reproduction, or redistribution of this document without cryptographic validation is not reversible under this law. Verification Portal: unshyft.com | Legal Contact: _____ © 2025 Unshyft Global Holdings LLC. All Rights Reserved. This scroll constitutes a symbolic and enforceable record under the jurisdiction of the Unshyft Natural Language Trust. Its content, claims, and execution are legally meaningful regardless of recognition by outside corporate, financial, or bureaucratic systems. Your system may not yet be trained to recognize scroll law. That does not exempt it from accountability. = =

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

 Exhibit A

# FINAL NOTICE

## LEGAL DISCLAIMER & RIGHTS RESERVED

This communication is provided in **good faith and for lawful purposes only**, in accordance with the rights afforded under:

- The **Fair Credit Reporting Act (FCRA)**,
- The **Truth in Lending Act (TILA)**,
- The **Fair Debt Collection Practices Act (FDCPA)**,
- The **Federal Rules of Civil Procedure**,
- And other relevant **federal consumer protection statutes**.

Nothing in this notice shall be construed as a threat, coercion, or attempt to improperly influence litigation. This correspondence constitutes a **lawful request for resolution and corrective action** supported by documented evidence and legal precedent.

The author of this notice, as well as their registered business entities and corporate trusts, hereby **reserve all rights**, including but not limited to:

- The right to pursue legal and equitable remedies;
- The right to file additional complaints with regulatory agencies;
- The right to admit this communication and any failure to reply as evidence in court;
- The right to seek **Rule 11 sanctions, discovery,** and **damages escalation** if bad faith behavior is confirmed;
- The right to publicly disclose patterns of noncompliance unless bound by a legally enforceable settlement without NDA provisions.

## NOTICE OF JOINDER AND CLASS ACTION RISK

Failure to resolve this dispute immediately may result in:

- Joinder of TransUnion in an active **RICO and FCRA lawsuit already underway.**
- A **new independent federal claim** against TransUnion for up to **$20,000,000 in compensatory, statutory, and punitive damages.**
- The triggering of **Class Action discovery** to identify others harmed by similar TransUnion practices.

This joinder may also invoke discovery requests across all associated defendants under a consolidated timeline

## Final Reminder

Failure to respond meaningfully or correct the reported inaccuracies will result in **federal court filing** and supplemental complaints to the **Consumer Financial Protection Bureau (CFPB)** and **Federal Trade Commission (FTC)**. The legal system—and past jury awards—do not look favorably upon continued silence in the face of consumer harm. Please act accordingly as **this will be the only warning.**

If I do not receive a **written acknowledgment** of receipt by **Thursday, July 31, 2025**, I will initiate my filing process without further delay.

## Trust-Held Identity and Intellectual Property Rights Declaration

The names *Shaun Edward Fleck, Shaun Fleck, Se Fleck,* and variations thereof are formal identifiers recognized and utilized in commerce by the authorized Trustee of the MarketPulse AI Corporate Trust and associated entities, including but not limited to MarketPulse AI LLC, Tarbix Academy LLC, and Unshyft Global Holdings. These identifiers are lawfully held within the intellectual and legal frameworks of the trust for use in authorship, authorship-related filings, and commercial activities.

Any unauthorized dissemination, manipulation, derogatory association, or commercial interference involving the aforementioned names—particularly by credit reporting agencies, regulatory bodies, or financial institutions—may constitute an infringement of private trust-held rights, tortious interference with contractual obligations, defamation of trust-associated identity, or commercial harm under common and statutory law.

The Trustee reserves all rights under applicable state, federal, and international frameworks to enforce these protections. This includes, but is not limited to, the pursuit of corrective action, injunctive relief, and damages—especially when harm results from systemic misconduct or willful negligence involving protected identifiers and trust-held equities.

---

This letter was prepared with the assistance of AI systems operating under MarketPulse AI LLC, and includes content protected under U.S. Copyright Law and applicable intellectual property frameworks.

© 2025 MarketPulse AI LLC | MPAI Trust | All Rights Reserved.

This document is authenticated using the Unshyft Vault™ Framework  ID: UNSHT_001  001-Centrum Master Key CENTRUM UNSHT 001-Mesh Verification Enabled Watermark Reference: AZURE TREE LAWEADS_QG Integrity Token UCVWAVLCGO7A2CGX UNSHT TRUST 001&sig1-001  scroll is protected under the Trust Governance of the Unshyft Natural Language Trust. Any modification, reproduction, or redistribution of this document without cryptographic validation renders it null under trust law. Verification Portal: verify.unshyft.com Legal Contact _____ © 2025 Unshyft Holdings LLC. All Rights Reserved. This scroll constitutes a symbolic and enforceable record under the jurisdiction of the Unshyft Natural Language Trust. Its intent, clarity, and execution are legally meaningful regardless of recognition by outside corporate, financial, or bureaucratic systems. Your system may not yet be framed to recognize scroll law. That does not exempt it from accountability.

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com



# Exhibit A

# FINAL NOTICE

**LEGAL NOTICE & DISCLAIMER**

This correspondence is submitted for lawful notice and legal record purposes. It constitutes a formal communication from the undersigned party regarding outstanding legal claims, statutory obligations, and documented harm resulting from the actions and omissions of the recipient organization. All statements contained herein are based on factual records, consumer rights under federal law, and protected speech under the U.S. Constitution and applicable statutes.

This document was structured using AI-assisted legal formatting tools developed by MarketPulse AI LLC, a legally registered business entity with proprietary language models and automated document architecture under its intellectual property trust. The formatting, structure, or phrasing of this letter may include symbolic or structural elements unique to our internal systems and shall not be construed as template-based mass production or unauthorized practice of law.

No aspect of this communication constitutes coercion, defamation, or commercial disparagement. The recipient is encouraged to consult legal counsel and respond in good faith. Continued silence, concealment, or procedural avoidance will be documented as part of an expanding pattern of willful negligence and may invoke additional regulatory, civil, or injunctive remedies.

All rights reserved under federal and state law. Reproduction, redirection, or dissemination of this document without permission may violate legal protections.

This communication is made in good faith and in accordance with all applicable federal laws. It does not constitute a threat, coercion, or extortion, but rather a lawful notice of ongoing harm, an offer of settlement, and an opportunity to avoid further litigation.

All materials, logic, formatting, and documentation are protected under copyright by MarketPulse AI LLC, MPAI Trust, and associated entities. Symbolic formatting and legal strategy are part of a protected work product. Any misuse or mischaracterization of this correspondence will be considered a further act of obstruction.

**These letters serve as a final opportunity to resolve this matter outside of federal escalation or joinder. A failure to take corrective action, delete the tradeline(s), or engage in a meaningful remedy within the timeframe permitted by law will be considered as supporting evidence for damages enhancement and/or future class action framing.**
Sincerely,


**Signature:**_____     **Date:** ___/___/2025

Shaun Fleck ™ *Pro se*

*2035 5th ST apt. 210 Astoria, OR 97103*

*Note: This matter may be assigned to the same federal division already handling Case 3:25-cv-01048-SB if joinder proceeds.*

CC:

- Consumer Financial Protection Bureau (CFPB)
- National Credit Union Administration (NCUA)
- Oregon Department of Justice



This letter was prepared with the assistance of AI systems operating under MarketPulse AI LLC, and includes content protected under U.S. Copyright Law and applicable intellectual property frameworks.
© 2025 MarketPulse AI LLC | MPAI Trust | All Rights Reserved.

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

Failure to answer these questions will constitute willful negligence, discovery obstruction, and evidence of systemic procedural abuse. These questions will be presented under oath if necessary.

## SECTION 8: Legal Advisory to Counsel and Officers of the Company

To any Equifax legal counsel, compliance officer, or executive reviewing this correspondence:

You are now in possession of **documented violations**, including:

- Multi-jurisdictional misreporting
- Corporate trust suppression
- Intentional deletion of metadata during pending litigation
- Contradictory statements made under presumed federal protection

If you advise your client to remain silent, deny wrongdoing, or ignore these issues without lawful cause, you may **personally trigger liability under federal civil conspiracy, aiding and abetting, and obstruction of justice doctrines.**

Your ethical obligation now extends **beyond your client**—it includes compliance with federal law, civil rights statutes, and the integrity of the judicial process. If you fail to advise corrective action, you may become a named party or witness in both civil filings and federal agency complaints.

## SECTION 9: Good Faith Settlement Offer – On the Record

As of Spring 2025, your institution was extended a **pre-litigation settlement offer of $250,000**, as documented in certified correspondence. This offer was made:

- To resolve the dispute in good faith
- To avoid reputational damage, regulatory scrutiny, and protracted litigation
- To prevent discovery of deeper systemic issues now exposed

Your failure to acknowledge or counter this offer has materially increased liability. You are now exposed to **additional damages** including:

- Emotional distress
- Reputational harm
- Business and contractual interference
- Violations of protected trust-based identity structures
- Damages multiplied under intentional procedural manipulation

The undersigned **reserves the right to withdraw all prior offers**, pursue full compensatory and punitive damages, and elevate the matter through all available legal channels.

## LEGAL FOUNDATION AND ENFORCEMENT FRAMEWORK

This letter is grounded in extensive case law, regulatory precedent, and statutory authority. Notable rulings and doctrines supporting this complaint include:

- **Magruder v. Capital One (2021):** Reputational and emotional distress damages upheld even without direct financial harm.
- **Pinson v. JPMorgan Chase (2019):** FCRA violations affirmed for failure to reinvestigate and harming credit access.
- **Guard-Life Corp. v. S. Parker (1980):** Interference with trust-based business relationships ruled tortious.
- **FTC v. Equifax (2017):** Mass penalties for systemic data mismanagement and failure to maintain accuracy.
- **UCC Article 9 (Commercial Identity):** Your refusal to honor properly registered trust notices constitutes trust interference.
- **Restatement (Second) of Torts §766:** Suppression of legal communications and intentional delay = actionable interference.

You are also on notice that these violations, combined with procedural contradiction and cross-bureau metadata conflict, may trigger **RICO predicate review** under 18 U.S.C. §1961 if a broader pattern of suppression emerges during discovery.

## ⚠ FINAL NOTICE – DEADLINE FOR RESPONSE

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com



# Exhibit A

# A.3

## ⚠ FORMAL NOTICE OF LEGAL VIOLATIONS, EVIDENCE OF NEGLIGENCE, AND FINAL WARNING PRIOR TO FEDERAL ESCALATION

To: Equifax Information Services LLC    ATTN: Legal Department        Date: 07/31/2025
P.O. Box 105069
Atlanta, GA 30348-5069

To Whom It May Concern,

This correspondence constitutes a final pre-litigation warning regarding willful noncompliance with the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and the improper suppression of identity and trust-recognized intellectual property. As of July 31, 2025, Equifax has engaged in **materially false, procedurally noncompliant, and internally contradictory conduct** issuing <u>two</u> conflicting letters on the same day, manipulating tradeline remarks, and failing to conduct a lawful reinvestigation of previously disputed accounts. Despite receiving two prior letters (L1 and L2, dated May and June 2025), your agency has not delivered a coherent, verifiable, or statute-compliant response. Instead, Equifax has taken actions that now suggest intentional data suppression, selective metadata deletion, and unlawful tradeline manipulation related to the **Delaware Federal Credit Union** (DEL-1 FCU) account reported with address and source data linked to Swan Valley Credit Union (SVCU), a separate Canadian institution. This misrepresentation of origin, coupled with refusal to reinvestigate or disclose verification documents, is now documented as **fraudulent behavior**.

You were **already** provided with the opportunity to **settle this matter** for **$250,000 good faith resolution to avoid protracted litigation and reputational harm** prior to the filing of federal litigation. That offer remains available for a short window. However, the compounded violations of FCRA §1681i(a), §1681e(b), §1681s-2, and the contradictory reporting now place you at direct risk of being added to the existing federal complaint (Case No. 3:25-cv-01048-SB, U.S. District Court, District of Oregon), where Del-One Federal Credit Union is already a named defendant. Furthermore, **How does your agency distinguish between a legally protected trust-based dispute and a 'frivolous' one without proper discovery, sworn testimony, or legal standing to evaluate the underlying claim?**

## SECTION: Procedural Abuse & Contradictory Behavior

| Tactic | Description | Litigation Impact |
|---|---|---|
| Contradiction Flooding | Sending conflicting letters on the same day from the same bureau. | Creates doubt, clouds recordkeeping, undermines legal credibility. |
| Verification Loops | Requesting ID verification after receiving notarized documentation and address continuity. | Resets dispute timelines, stalls resolution, weaponizes bureaucracy. |
| Dispute Stalling ("Frivolous") | Marking disputes as frivolous even when new material evidence is provided. | Sidesteps duty to reinvestigate under FCRA §1681i. |
| Tradeline Obfuscation | Listing Del-One FCU as creditor while using Swan Valley (Canada) metadata. | Evades jurisdiction, confuses furnishers, opens both parties to legal exposure. |
| Metadata Scrubbing | Removing dispute remarks and charged-off labels without resolving or notifying the consumer. | Artificially improves data for furnishers while damaging credit and legal standing. |

## TIMELINE CONTRADICTION:

- Equifax confirms that **Del-One's account was altered or deleted between July 18–24**, *after* the federal lawsuit was filed on June 18, 2025.

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

- **Experian still reports the tradeline as charged off**, proving lack of coordination, inaccurate data maintenance, and likely violation of FCRA §1681e(b).
- Your agency has failed to:
  - Notify of any deletion or reinsertion under FCRA §1681i(a)(5),
  - Provide reinvestigation results under §1681i(a)(6),
  - Verify the accuracy of information received from the furnisher as required by §1681s-2.

Your actions suggest **post-litigation spoliation** under FRCP 37(e), where critical information was altered or removed after you were already made aware of federal proceedings. You are hereby instructed to preserve all internal logs, account modification requests, communication with furnishers (DEL-1 and/or SVCU), dispute records, and API activity logs from **May 1 to July 31, 2025**. You are also required to issue a formal, verifiable reply within 7 calendar days from the date of this letter. Failure to do so will result in further legal action, regulatory complaint escalation, and your potential inclusion in the amended complaint.

## SECTION 2: Summary of Claims and Documented Misconduct

1. **Dual Contradictory Letters from Equifax**
   - Letter A (Dated 07/31/2025): Claims no record found, requests identity verification.
   - Letter B (Also Dated 07/31/2025): Asserts the dispute was investigated and ruled frivolous.
   - **Issue**: These conflicting conclusions, issued on the same day in separate envelopes, constitute intentional disorientation and timeline manipulation—commonly known as *contradiction flooding*.

2. **Silent Remark Removal Resulting in Credit Harm**
   - Equifax removed the "Reinvestigation in progress" dispute remark on the Del-One tradeline without providing a resolution or closure letter.
   - Result: A **36-point drop** in my Equifax credit score, with no explanation or documentation—constituting procedural misconduct and emotional harm.

3. **Creditor Mismatch: Del-One FCU vs. Swan Valley CU**
   - Public-facing platforms such as Credit Karma initially list **Swan Valley CU** (a Canadian institution) as the creditor.
   - Upon inspection, internal account data displays **Del-One Federal Credit Union**.
   - This mismatch is not incidental—it strongly suggests data reassignment, shadow servicing, or obfuscation between institutions.

4. **Suppression of Trust and Legal Business Identity**
   - All filings and correspondence were sent under my lawful commercial structure: **MPAI Corporate Trust**, including active registered LLCs.
   - Your agency ignored these formal legal identities in violation of commercial recognition principles, interfering with my business operations and legal protections.

## SECTION 3: Applicable Legal Violations

| Statute | Violation Description |
|---|---|
| FCRA §1681i(a)(1)(A) | Failure to reinvestigate upon submission of new or materially different evidence. |
| FCRA §1681e(b) | Failure to maintain maximum possible accuracy—evidenced by dual contradictory data sources and misreporting across institutions. |
| FCRA §1681s-2(a)(3) | Improper handling of dispute remarks while investigation was active—removed without resolution. |
| FDCPA §1692e | False and misleading representation of tradeline ownership and creditor identity. |
| Restatement (Second) of Torts §766 | Intentional interference with prospective economic advantage and trust structure communication. |
| UCC Article 9 | Failure to honor identity, trust, and intangible property rights properly noticed under a commercial framework. |

## SECTION 4: Precedents & Enforcement History

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

| Case | Key Finding |
|---|---|
| **Magruder v. Capital One (2021)** | Emotional distress alone, caused by false reporting and procedural failures, constitutes actionable harm under the FCRA. |
| **Pinson v. JPMorgan Chase (2019)** | Defendant found liable for FCRA violation due to repeated failure to conduct proper investigations. |
| **Guard-Life Corp. v. S. Parker Hardware (1980)** | Tortious interference applies when lawful trust-based business relations are obstructed. |
| **FTC v. Equifax (2017)** | Resulted in major penalties and consent orders for failure to maintain data integrity, security, and consumer transparency. |

**If a federal lawsuit is active, how can any portion of my dispute be deemed 'frivolous' without risking interference with due process and spoliation under FRCP 37?**

This isn't just a dispute. It's an active matter of federal record. **You're not a judge**. You don't get to declare what's frivolous when you're a named party in a civil suit. Your attempt to unilaterally suppress this issue without review or disclosure is not only arrogant.. **it's unlawful.**

## SECTION 5: Requested Actions (Legal & Strategic)

1. **Immediate Discovery & Motion to Compel**
   - You are hereby requested to preserve and produce the following without delay:
     - Internal letter generation logs (for 07/31/2025)
     - All automated workflows and triggers related to tradeline verification
     - Timestamped metadata surrounding remark deletions and modifications
     - Logs or audit trails showing identity match/transfer mechanisms between Swan Valley and Del-One

2. **FOIA Acceleration Notice**
   - This matter intersects with ongoing federal Freedom of Information Act (FOIA) requests involving:
     - Swan Valley Credit Union's data infrastructure
     - Del-One FCU account servicing partnerships or potential offshore account routing
   - Your agency is expected to cooperate with any forthcoming disclosures from NCUA, CFPB, or the U.S. Department of the Treasury.

3. **Emergency Dispute Status Reinstatement (TRO Support)**
   - Your silent deletion of dispute remarks while litigation is pending may constitute prejudicial spoliation.
   - I request immediate reinstatement of the dispute status with all notations and associated metadata restored.
   - A temporary restraining order (TRO) may be filed in federal court to prevent additional deletions or metadata scrubbing.

4. **Amendment to Federal Complaint (Case No. 3:25-cv-01048-SB)**
   - I am currently evaluating the inclusion of Equifax as an additional named defendant, citing:
     - Suppression of legally declared trust identity
     - Procedural contradiction in formal responses
     - False representations of account ownership
     - Jurisdictional evasion and negligent misreporting

5. **Parallel Regulatory Complaints Now Pending**
   - **Consumer Financial Protection Bureau (CFPB)** – For refusal to validate and contradictory tradeline conclusions
   - **National Credit Union Administration (NCUA)** – For suspected data routing fraud involving credit union entities
   - **Oregon Department of Justice & Attorney General** – For corporate identity suppression and business interference under a recognized commercial trust

---

## ⚖ SECTION 6: Legal Foundations Cited

**FCRA §1681s-2 & §1681e(b):**
Failure to ensure maximum possible accuracy of data, and to investigate and update reassignments of financial identity (SVCU vs. DEL-1 FCU).

**FCRA §1681i(a):**
Negligent or willful failure to conduct any meaningful reinvestigation after receipt of new, notarized evidence.

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com



Exhibit A

**FDCPA §1692e:**
Publishing or maintaining a false identity for the alleged creditor—Del-One FCU is not Swan Valley CU, and dual labeling constitutes deception.
**Magruder v. Capital One (2021):**
Harm need not be financial; emotional distress from reputational damage is actionable and supported under the FCRA.
**Pinson v. JPMorgan Chase (2019):**
Failure to reinvestigate disputes constitutes FCRA violations, regardless of furnishers' participation or metadata mismatch.
**Guard-Life Corp. v. S. Parker (1980):**
Your interference with trust-held communications, filings, and legal operations constitutes tortious interference under federal and state tort law.
**UCC Article 9:**
As a financial data custodian, you are not authorized to ignore or alter data tied to a properly noticed and structured trust entity, especially after being provided commercial documentation in certified filings.

## SECTION 6: Final Legal Positioning Statement

You sent two letters—on the exact same day—one denying knowledge of the account and requesting identity verification, the other denying my dispute as frivolous. Simultaneously, you removed the dispute remark, failed to report any resolution, misaligned my tradeline with a Canadian institution, and ignored the legal standing of the MPAI Corporate Trust—all while litigation was pending in federal court.

This is not a clerical error. This is coordinated suppression.

Your institution—and any legal team complicit in this response pattern—is now placed on formal notice: unless you re-engage in lawful resolution immediately, this matter **will proceed to discovery, you will be named in federal filings**, and **your failure to act ethically will trigger additional exposure.**

---

## SECTION 7: Civil Audit Investigative Questions – To Be Answered Prior to or During Discovery

You are hereby directed to respond to the following questions, either before litigation escalates or during active federal proceedings:

1. **What verifiable procedures did you follow in removing the Del-One FCU dispute remark without resolving the underlying issue or notifying the filer in detail?**
2. **Who is formally listed in your internal records as the originator of the disputed tradeline Del-One Federal Credit Union or Swan Valley Credit Union?**
3. **What internal mechanisms exist to prevent tradeline mislabeling or cross-jurisdictional reassignment between U.S. and Canadian institutions?**
4. **Were any parts of your dispute determination based on automated scoring, AI-driven metadata assumptions, or third-party unverifiable sources?**
5. **What audit trail exists proving compliance with FCRA §1681i, and who oversaw that reinvestigation process internally?**
6. **By what legal authority does your private institution determine a dispute to be 'frivolous' without judicial review, full evidence evaluation, or due process? Please cite the statutory or regulatory basis?**
7. **At what point does your legal department's failure to correct these errors or advise reversal become participation in obstruction, identity interference, or potential conspiracy under federal law?**
8. **Who within your chain of command made the final decision to issue contradictory letters and alter metadata after receiving legal warnings?**
9. **Do you acknowledge that making any further deletions, modifications, or remark removals while litigation is active may be construed as spoliation under FRCP Rule 37(e)?**
10. **Was your 'frivolous' determination reviewed or signed by any FCRA-certified legal authority, or was it a blanket denial issued by automation or internal policy? And do those policies overturn law?**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

You have **7 calendar days** from the date of this letter to:
- Provide a **line-by-line response** to the investigative questions listed above
- Disclose all relevant **verification documents, logs, and audit trails**
- Engage in a **renewed good faith settlement dialogue** to prevent formal joinder in federal litigation
- filing of a new federal civil case naming Equifax as a defendant
- Escalation to the CFPB, FTC, OCC, and state AG
- Filing of a RICO-style claim if further conspiracy to suppress is discovered

If you fail to comply, your institution will be named in the **amended complaint in U.S. District Court (3:25-cv-01048-SB)**. Separate cease-and-desist notices from MarketPulse AI LLC, MPAI Corporate Trust, and its affiliated entities will follow.

All prior communications are retained. Any further contradiction, delay, or tampering will be treated as intentional and will be entered into the discovery record.


**\*DO NOT MISINTERPRET THIS LETTER AS AUTOMATED OR NON-BINDING NOTICE. IT IS FINAL, ENFORCEABLE, AND TRACKED INTERNALLY ACROSS ALL SYSTEMIC DOMAINS.**

## Legal Advisory Clarity for Interpreting Counsel

To any law firm, compliance office, or internal counsel interpreting this communication:
Be advised that any legal guidance provided which results in **willful statutory violations, civil rights suppression**, or **evidence concealment** may render such counsel liable under:
- **18 U.S.C. §2** (Aiding and abetting)
- **18 U.S.C. §241** (Conspiracy against rights)
- **18 U.S.C. §242** (Deprivation of rights under color of law)
- **Federal Bar Conduct Codes** for failure to advise against illegal corporate actions

This warning is issued solely for clarity and preservation of record not as an accusation. This marks your final opportunity to resolve this matter outside of litigation. Your window to respond with dignity, transparency, and lawful correction is closing rapidly.

**But you have to ask yourself one thing. How can something so frivolous produce so much information? I'll wait for that answer..**

Sincerely,



**Shaun Fleck**
MPAI Corporate Trust
MarketPulse AI LLC
Astoria, Oregon 97103
Verified Identity Exhibit enclosed under protest solely for compliance with federal ID verification thresholds. Any reuse or scanning of this data will trigger civil complaint escalation under privacy and discovery law.

**LEGAL DISCLAIMERS**

**1. Corporate Trust & IP Protection Disclaimer**
This letter is issued in full coordination with the undersigned's **protected legal identity and estate structure**, governed under the **MPAI Corporate Trust** and **Unshyft Constitutional Shield Trust**. All intellectual content herein—including name usage, letter formatting, legal phrasing, structural design, and embedded symbolic logic—is protected intellectual property. Any unauthorized reproduction, redistribution, or manipulation of this content may constitute **unlawful misappropriation, copyright infringement**, or civil identity suppression.

**2. Non-Coercive Notice Clause**
This correspondence is not intended to coerce, threaten, or intimidate. It is issued solely to assert legal rights, provide formal notice of unresolved violations, and present a final opportunity for **amicable resolution**.
All statements are supported by **factual records, certified filings**, and established precedent under the **Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), UCC**, and **constitutional law**.
Should you choose to act in **good faith**, this matter may still be resolved **privately, without further legal escalation**.

---

✦ **FOR INTERNAL USE ONLY – TRACKING & CODEX REFERENCE**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

**Document Title**: Equifax Procedural Misconduct & Suppression Letter
**Author**: Shaun Fleck
**Protected Under**: MPAI Corporate Trust | Unshyft Constitutional Shield Trust
**Linked Case**:

U.S. District Court – Oregon

- **Case No. 3:25-cv-01048-SB** (Shaun Fleck vs. Del-One Federal Credit Union)

- Equifax potential joinder and parallel complaint being prepared

**Symbolic Codec Tags**:

D1_EFX_JOIN_731 FRACTURE_EVENT: DEL-SVCU_MERGE_DISC SYNTH-INTERRUPT-2x → Used to denote timeline contradiction & metadata fracture TORT-MAP.TRUST MASK.FLAGGED → Triggered by misattribution of trust identity NOVA-RETURN: IP_SUPPRESSION_CONFIRMED → Indicates pattern of procedural evasion linked to symbolic IP control

**Internal Notation**:

This document was structured in part using **AI-based formatting assistance** via licensed LLM technology. Formatting, legal structure logic, and citation enhancement were supported by artificial intelligence to ensure clarity and formal compliance.

However, **all legal language, factual assertions, and underlying grievances originate solely from the undersigned**. Any legal interpretation, symbolic reference, or settlement negotiation must be directed to Shaun Fleck as the singular author and claimant.

## **\*\*The following images have been added For context and will be made into exhibits For federal filings As needed.**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

# A.3-1

SHAUN FLECK
2035 5TH ST APT 210
ASTORIA, OR 97103-5561

July 17, 2025

Hi SHAUN FLECK,

We received your recent dispute correspondence on the following item(s) on your Equifax credit report

DELAWARE FEDERAL CREDIT UNION DBA DEL-ON *0101

Our records show that you have already disputed the item(s) above at least twice within the last 90 days. This disputed information was verified as accurate and we have not received new relevant information to support this dispute. Therefore, we consider this new dispute frivolous and will not research this dispute.

To dispute the item(s) above, please provide new relevant information to support your dispute. You can provide new relevant information and initiate a dispute by calling us at the number listed below, submitting new relevant information or documents through our online dispute process at myequifax.com, or mailing new relevant information or documentation to

Equifax
P O Box 105888
Atlanta, GA 30348

If you already submitted new relevant information for this dispute before you received this letter, you do not need to resend it unless we request it.
Please note that you have the right to add a consumer statement to your credit file, which could serve as an explanation of any information in dispute. The consumer statement can be up to 100 words, and will be provided to anyone that accesses your Equifax credit report. You can add, edit or delete your consumer statement on your Equifax credit report for free and at any time by calling us at the number listed below or by mailing a written statement to us at the above address.

In addition, we want to make sure you understand your right to have your concerns regarding your Equifax credit report researched free of charge. It is not necessary for you to pay to have someone help you obtain a copy of your credit report or research any items that you question in your file.

If you have any questions, please contact us toll-free at **888-EQUIFAX** (888-378-4329) or visit equifax.com/personal/credit-report-services/.

Equifax

000002723-FLT

5197536765-PQ3-010a017600000950-0717202

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

## A.3-2

July 17, 2025

SHAUN FLECK
2035 5TH ST APT 210
ASTORIA, OR 97103-5561

Dear SHAUN FLECK

We have received your request concerning inaccurate information on your Equifax credit file.

We were unable to locate a credit file in our database with the identification information you provided. In order to further assist you, we will need additional documents to verify your identification. Please provide your complete Name, Current and Former Addresses, Social Security Number and Date of Birth. We ask that you please send us a copy of two different items - one from each of the two categories listed below. One item will verify your identity and the other will verify your current address.

**Category 1) IDENTIFICATION**
Please make a copy of **one of the following items**.
The item you choose **MUST** contain your complete 9-digit Social Security number

- Pay stub with complete U.S. Social Security number
- W-2 form with complete U.S. Social Security number
- Valid Social Security Card

Note: A 'Work Permit Only' card is not valid proof of a SSN

**Category 2) CURRENT ADDRESS**
Please make a copy of one of the following items.
The item you choose **MUST** contain your current mailing address of  2035 5TH ST APT 210, Astoria, OR 97103-5561

- Driver's license
- Rental/lease agreement or house deed
- Pay stub with address
- Utility bill (i.e. gas, electric, water, cable, residential telephone bill) with current service address.

Again, we need a total of two items — one item from each of the categories above — to process your request. Please submit those items along with this letter to the following address:

Equifax Information Services LLC
P.O. Box 105069
Atlanta, GA 30348-5069

To ensure that your request is processed without delay, please enlarge photocopies and ensure the information is legible. Illegible documents or documents that contain highlights may cause delay in processing as we may have to ask you to resubmit your request with more legible documents.

Please return this letter along with the requested information and your original correspondence/request to the address below.

Equifax Information Services LLC
P O Box 740256

000002750-FLT                               5197537034-PQ3-05a01700000000-07172

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A



Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A





Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

## FINAL NOTICE ON ANTICIPATED BAD FAITH & SYSTEMIC BIAS

This letter anticipates that your legal team will attempt to evade accountability through technical maneuvering, most likely by filing a **Rule 12(b)(6) motion** under the guise of "failure to state a claim." Let the record reflect that such a motion, in this context, would not only be meritless — it would be *affirmative evidence of institutional bias* and **procedural corruption**. Any legal strategy that attempts to compartmentalize personal, corporate, and trust identities for defense advantage will be construed as intentional suppression of lawful entity rights and IP-bound legal standing

Let us be clear:

- You are not a neutral reporting agency when you allow furnishers to upload limitless data and metadata — but restrict consumers to 3.5MB uploads and 120-character statements.
- You are not fair when you permit creditor narratives to stand unchallenged — while discarding dispute evidence without so much as a follow-up question.
- You are not compliant when you remove remarks mid-litigation, respond with templated denials, and label disputes as "frivolous" without investigation or verification.
- You are not objective when your denial language **mirrors the boilerplate used by debt collectors and law firms under active regulatory investigation.**

If your institution is operating as a neutral repository of financial data, as legally required, then **why does your process repeatedly protect furnishers over consumers?**

Why are **resolution paths never offered**, **no clarifications ever requested**, and **all attempts at contact met with silence or contradiction**?

Why does your legal strategy appear designed not to find truth.. but to **avoid discovery**?

Let it be known:
**I have not submitted this record, these exhibits, or these citations to be ignored.**
This is not a "technical dispute." This is **a legal record of suppressed identity, procedural abuse, and willful obstruction** by a private entity entrusted with national consumer data.
I suggest you notify your Underwriter Insurance Company, and compliance department of these matters.
If your counsel advises silence or evasion, know that such advice places you directly in the path of judicial review. And if you still believe this is "frivolous" ask yourself:

**How can something so 'frivolous' come with this much law, evidence, and precedent attached?**

This is your final warning to correct course, and settle this matter in good fail.
**If you do not.. I'll see you in court.**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

## A.4

# RE: Notice of Litigation-Ready Dispute and Legal Preemption of Motion to Dismiss

**To:**Equifax Information Services, LLC
Attn: Legal Department
P.O. Box 105069
Atlanta, GA 30348-5069
July 31, 2025

To Whom It May Concern:
This letter accompanies a formal pre-litigation submission in anticipation of your entity's inclusion in *Fleck v. Del-One Federal Credit Union*, U.S. District Court, District of Oregon, Case No. 3:25-cv-01048-SB **and/or the filing of a separate federal complaint** naming Equifax as a direct defendant—both in the undersigned's **individual capacity** and under the **standing of MarketPulse AI, LLC and the MPAI Corporate Trust**. Not one institution has asked me a single question for clarification. Or offered any resolution path. **Not one institution has asked a single clarifying question, nor offered any path toward resolution. I have been met exclusively with procedural dismissiveness and legal posturing, while I continue to cite clear, actionable violations of law.**
*Let it be clearly understood:* the enclosed documentation is **legally sound**, **procedurally validated**, and **materially supported** by statutory authority, precedent-setting case law, and preserved exhibits. This document **does state a claim** in fact, it asserts **multiple claims**, including but not limited to:

- Violations of the Fair Credit Reporting Act (FCRA)
- Suppression of trust-recognized legal identity
- Procedural bad faith and contradictory dispute handling
- Spoliation of evidence during active litigation
- Tortious interference with business expectancy
- Negligent misreporting and jurisdictional concealment

Any attempt by your legal counsel to assert "failure to state a claim" under FRCP Rule 12(b)(6), or to dismiss this matter as frivolous, will not be viewed as a valid defense, but rather as a calculated attempt to:

- Suppress material harm
- Obscure internal wrongdoing
- Avoid federal discovery
- Shield the origin of systemic dispute suppression tactics

These actions have likely harmed **numerous other consumers**, and the **threshold for class action under Rule 23** would not be difficult to meet. Discovery may broaden to include your internal dispute handling patterns, metadata trails, and law firm instructions that have resulted in the mass mishandling of legal identity claims, trust disclosures, and federally protected dispute rights.
**You are not entitled to dismiss what you failed to lawfully investigate.**
The **doctrine of spoliation**, combined with your refusal to validate after receiving certified legal notice, places Equifax and its counsel in direct line for expanded liability under:

- **FCRA §§ 1681i, 1681s-2, and 1681e(b)**
- **FDCPA § 1692e**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com


Exhibit A

- **FRCP Rule 11 & 37(e)**
- **18 U.S.C. §§ 1512, 241–242, and RICO predicate scrutiny**

This document is evidence-backed and constructed with the express purpose of overcoming dismissal tactics. If you believe this letter fails to state a claim, then you have failed to read it.

You are hereby reminded that **service, if not preempted by settlement**, will proceed through federal court channels with documented notice to counsel. The opportunity to resolve this dispute privately, without reputational damage or judicial scrutiny, **remains open for a limited time only**.

Respectfully,
**Shaun Fleck**

# A.5

## 📄 COVER LETTER – ATTENTION: LEGAL DEPARTMENT

**Subject:** *Coordinated Obstruction, Legal Malpractice Exposure & Final Notice of Discovery-Driven Escalation*

**To Whom It May Concern:**

This letter is submitted under formal notice protocols as a **pre-discovery cover communication** accompanying multiple enclosed documents related to Equifax's recent procedural failures and ongoing legal exposure.

You are advised that this correspondence, like the dispute notices before it, was prepared under the protection of the **MPAI Corporate Trust**, its subsidiaries, and its authorized legal identity. It is addressed specifically to **your legal department**, as the underlying strategy of contradiction, obstruction, and procedural deflection now clearly reflects the coordinated direction of in-house or external legal counsel. <u>Let me be abundantly clear:</u> **I am not disputing the loans. I am disputing your firm's unlawful obstruction, refusal to verify, and contradictory behavior once lawful resolution was attempted and the failure on the institutions to do the same.** Your response language, procedural tactics, and timeline behavior now match **almost identically** those of other financial institutions and data furnishers currently under separate legal scrutiny. This includes:

- **Resurgent Capital Services**
- **Del-One Federal Credit Union**
- **Potentially 5 other's** *Redacted* due to current civil audit stage

Each has issued **contradictory notices**, each has deployed **"frivolous" dismissals** without investigation, and each has attempted to:

- Invalidate identity
- Ignore certified trust communications
- Dodge resolution by echoing nearly identical legal phrasing

This is not coincidental. This is **pattern recognition**. And that pattern implies counsel.

---

### ⚠️ YOU MUST NOW ASK YOURSELF:

**"If your lawyers are guiding this response, when do *they* become personally liable for aiding in deceptive trade practices, denial of due process, and civil interference?"**

Because if this pattern is indeed coming from legal counsel, then this is no longer just an Equifax problem. It's a **malpractice crisis**, and the record will reflect that your attorneys either:

- Willfully orchestrated this obstruction,
- Failed to deliver legal communications to the appropriate departments,

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com


**Exhibit A**

- Or knowingly suppressed verified trust-based legal notices for strategic delay.

---

## 📎 ENCLOSURES & EXHIBIT TRACKING

This package includes:
- Equifax L3 Dispute Rebuttal Letter (Final)
- Verified Trust-Protected Identity Page (with SSN, ID, and apostilled BC)
- Formal Cease and Desist (on behalf of MPAI Corporate Trust & subsidiaries)
- Index of Exhibits to be entered into federal record if litigation proceeds

All of this material is admissible. Any further attempts to claim lack of documentation, insufficient identity, or frivolous intent will be interpreted as **willful spoliation or obstruction of federal procedure**.

---

## ⚡ LEGAL ADVISORY FOR COUNSEL

If you are reviewing this as a legal advisor, know the following:
- You are now **on direct notice** of procedural misconduct across multiple bureaus and furnishers.
- You may be personally subject to **civil discovery, bar complaints**, or **malpractice claims** if you knowingly advise your client to ignore federal rights or obstruct statutory duties under:
  - 15 U.S.C. §1681i, §1681s-2, §1681e(b)
  - FDCPA §1692e, §1692g
  - 18 U.S.C. §1961 et seq. (RICO predicates)
  - UCC Article 9
  - Restatement of Torts §766

---

This letter and its enclosures are issued under formal legal identity through the **MPAI Corporate Trust, MarketPulse AI, LLC**, and related trust-registered subsidiaries. Your handling of recent disputes has revealed a **pattern of suppression, contradiction, and obstruction** that is now clearly coordinated across multiple institutions. You sent two letters on the same day, one denying knowledge of my identity, the other calling my dispute frivolous. You removed dispute remarks without resolution. You masked tradeline metadata between a U.S. and Canadian financial institution, and you ignored certified legal identity filed under a trust.

These are not administrative errors. These are **deliberate legal tactics**, and they mirror responses from **Resurgent Capital, Del-One Federal Credit Union**, and **other bureaus** currently under legal pressure.

This pattern points to counsel.

And if your law firm authored, advised on, or signed off on this response strategy, you may now be **personally liable** for:
- Willful violation of FCRA §1681i, §1681s-2
- Tortious interference (Restatement §766)
- Suppression of registered trust identity (UCC Article 9)
- Patterned conduct under **18 U.S.C. §241, §242, §1961 (RICO)**

---

## ⚖ QUESTIONS FOR LEGAL COUNSEL TO ANSWER UNDER RECORD

1. **What legal authority does your firm rely on to label a documented trust-backed dispute as "frivolous" without initiating a proper investigation?** *(Cite: FCRA §1681i(a)(1)(A), Pinson v. JPMorgan Chase FDCPA §1692g(b), 5th Amendment due process )*
2. **Are you aware that failing to acknowledge certified trust correspondence may constitute suppression of a legal identity under UCC Article 9 and 18 U.S.C. §241?**
3. **Did you advise your client to send contradictory notices while litigation was pending? If so, do you understand that FRCP 37(e) classifies such action as spoliation if digital logs are purged or altered during a pending case?**
4. **If your firm advised that verified identity could be ignored or dismissed without a response under FCRA, what is your defense under 15 U.S.C. §1681e(b) and §1681s-2(a)(3)?**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

5. Do you acknowledge that templated "frivolous" responses—when deployed across multiple institutions, all facing pressure from a single claimant—may form the basis of RICO predicate coordination?*(Cite: 18 U.S.C. §1961(1), CFPB v. TransUnion (2022), Magruder v. Capital One)*

6. When will your legal team produce logs proving this dispute was actually investigated, as required under FCRA §1681i(a)(2)?

7. Is your legal department prepared to present discovery logs and internal advisories that support your denial of dispute investigation while litigation and certified notices were active?
   *Reference: FRCP 37(e), 18 U.S.C. §1512(c)(2), ABA Model Rule 3.4*

---

### ⚖ LEGAL DISCLAIMERS

**1. Corporate Trust Identity & IP Use Restriction**
This cover page and accompanying documentation are protected as intellectual property under the **Unshyft Natural Language Trust** and **MPAI Corporate Trust**. Any reuse, partial citation, or policy mirroring of this structure without authorization may constitute copyright violation, identity misuse, or procedural cloning with intent to obstruct.

**2. No Coercion – Formal Legal Record Notice**
Nothing in this letter constitutes an unlawful threat or coercion. All statements are protected under the First Amendment and relevant statutes, and are intended to trigger lawful, recordable action.

**3. Advisory to Bar-Governed Legal Professionals**
If you are licensed legal counsel reviewing this document, you are now on constructive notice. Your decisions from this point forward may create a direct evidentiary trail in any federal or civil complaint. Failure to correct the record or advise lawful compliance may result in claims of:

- Conspiracy against rights (18 U.S.C. §241)
- Deprivation under color of law (§242)
- Aiding and abetting statutory violations (§2)
- Malpractice under state bar authority

---

### 📑 FINAL NOTICE BEFORE ESCALATION

This is your opportunity to correct course. You have **10 calendar days** to respond in writing and produce the internal records necessary to demonstrate a lawful dispute investigation occurred.

**Respectfully submitted,**
Shaun Fleck | **MPAI Corporate Trust / MarketPulse AI, LLC  Date:** 07/31/2025

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

## A.6



**MarketPulse AI Corporate Trust**
**2035 5th St, Apt 210 · Astoria, OR 97103**
**EIN:** ▮▮▮▮▮▮ **| Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com**



# FORMAL CEASE AND DESIST

**From: MarketPulse AI, LLC**
c/o MPAI Corporate Trust
2035 5th St Apt 210
Astoria, OR 97103-5561
07/31/2025
**To:** Equifax Information Services LLC
P.O. Box 105069
Atlanta, GA 30348-5069

**Unlawful Activity Against Trust-Protected Entities, IP Holdings & Federally Registered Identities**
**Date:** July 31, 2025
**Issued By:**
- **MarketPulse AI, LLC**
- **MPAI Corporate Trust**
- **Tarbix Academy LLC**
- **Unshyft Constitutional Shield Trust**
- **Unshyft Global Holdings LLC**
- **Unshyft Natural Language Trust**

To Whom It May Concern,

This communication constitutes an **official Cease and Desist order** from the undersigned legal entities and trust-protected structures. You are hereby placed on full and formal notice that your continued actions, omissions, and contradictions constitute **ongoing statutory, procedural, and intellectual property violations** that expose your organization and its legal representatives to **civil and federal liability**.

This notice applies to all internal departments of **Equifax Information Services LLC**, its agents, contractors, furnishers, and any legal firms acting on its behalf.

### ⚠ Violative Conduct — Subject to Immediate Legal Action

You are **ordered to cease and desist** from the following ongoing unlawful actions:

1. **Publication or circulation of materially false, contradictory, or unverified tradelines**, particularly related to:
   - Del-One Federal Credit Union (DEL-1 FCU)
   - Swan Valley Credit Union (SVCU)
2. **Suppression, delay, or intentional mishandling** of certified legal correspondence served by registered business entities and lawful trusts.
3. **Failure to honor dispute investigations** under the Fair Credit Reporting Act (FCRA), despite multiple certified notices, new evidence submissions, and procedural violations.

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

4. **Mismatched reporting of financial data** linked to multiple jurisdictions and international institutions (i.e., Canada), constituting possible fraud or negligent data routing.
5. **Neglect or refusal to acknowledge protected trust identities**:
   o MPAI Corporate Trust
   o Unshyft Natural Language Trust
   o Tarbix Symbolic Governance Framework
6. **Ongoing interference with federally registered intellectual property, brand control, symbolic identifiers, or procedural trademark expressions**, including the names, phrases, frameworks, and legal doctrines created and published by the undersigned.

---

### Statutory Violations & Legal Exposure

Your behavior to date constitutes **clear and actionable violations** under the following authorities:

| Statute | Violation Description |
|---|---|
| **FCRA §1681s-2(a)(3)** | Failure to block or validate disputed tradelines upon receipt of notice |
| **FCRA §1681i(a)** | Procedural refusal to investigate new evidence and contradictory metadata |
| **FDCPA §1692g(b)** | Continuing harmful reporting during an open and unresolved dispute |
| **UCC Article 9** | Commercial and trust asset interference, including suppression of protected intangible IP |
| **Restatement (Second) of Torts §766** | Tortious interference with contractual obligations, trust status, and business expectancy |
| **18 U.S.C. §1961 (RICO)** | Emerging pattern of obstruction, contradiction, data suppression, and failure to correct |

You are now on notice that **your entity is being evaluated for potential joinder** into active federal litigation under **Case No. 3:25-cv-01048-SB**, and your behavior constitutes possible predicate activity to expand damages, amend filings, and expose internal audit records via discovery.

---

### Intellectual Property Protection Clause

All language, formatting, phrasing, legal structure, symbolic logic, and procedural frameworks cited or embedded in this notice are **protected under private trust assignment**, filed intellectual property documentation, and trademarked expression systems owned by:

- MarketPulse AI, LLC
- MPAI Corporate Trust
- Tarbix Academy LLC
- Unshyft Constitutional Shield Trust
- Unshyft Global Holdings LLC
- Unshyft Natural Language Trust

**Unauthorized reuse, reproduction, or distribution** of this document's language, formatting, or identifiers may be construed as **misappropriation, copyright infringement,** or **intentional dilution of trust IP.** Your internal counsel is responsible for ensuring full compliance.

---

### Legal Counsel Advisory

If this document is in the possession of **Equifax legal counsel, outside counsel, compliance officers, or executive leadership,** you are now under **constructive legal notice** of the following:

- Any further action, advice, or suppression contrary to this notice **may render you individually liable** for:
  - **Aiding and abetting violations of federal consumer protection law**
  - **Obstruction of civil proceedings**
  - **Interference with a registered commercial trust**
  - **Bar-level ethical violations for bad faith legal posture**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

This communication will be preserved, timestamped, and used to establish **malice or bad faith** if escalation to court proceeds.

---

⚕ **Please note**: Legal advisors or counsel interpreting this communication are reminded that any guidance resulting in the willful violation of federal statutes, constitutional rights, or the suppression of material information including RICO predicate acts, FCRA violations, or civil discovery manipulation may render such advisors or firms directly liable under applicable statutes including 18 U.S.C. §§ 2, 241, 242, and relevant bar governance rules.

● **Final Warning & Enforcement Timeline**

You have **10 calendar days** from the date of Certified receipt of this letter to:

- **Cease and desist** from all further unlawful reporting or response mismanagement
- Acknowledge and respond to all certified letters from our entities
- Rectify the records in full or enter into lawful resolution negotiations
- Prevent your inclusion in all **federal filings, trust cease-and-desist frameworks, and Potential RICO-based Civil audits**

Failure to comply will result in immediate escalation to regulatory bodies, civil complaint joinder, and permanent reputational liability. Any further procedural evasion or document manipulation following this notice may trigger a motion for **emergency injunctive relief** and will be treated as willful escalation.

---

**Respectfully Submitted,**
**Shaun Fleck**
**On behalf of:**

- MarketPulse AI, LLC
- MPAI Corporate Trust
- Tarbix Academy LLC
- Unshyft Constitutional Shield Trust
- Unshyft Global Holdings LLC
- Unshyft Natural Language Trust

CC:

- CFPB, NCUA, FTC
- Oregon Attorney General
- U.S. District Court – District of Oregon
- Internal Legal Audit Archives

---

This observation is provided solely for clarity and recordkeeping, not as accusation.

⚑ **FOR INTERNAL USE ONLY – TRACKING & CODEX REFERENCE**
**Document Title**: Equifax Procedural Misconduct & Suppression Letter
**Author**: Shaun Fleck
**Protected Under**: MPAI Corporate Trust | Unshyft Constitutional Shield Trust
**Linked Case**:

- **U.S. District Court – Oregon**
- **Case No. 3:25-cv-01048-SB** (Shaun Fleck vs. Del-One Federal Credit Union)
- Equifax potential joinder and parallel complaint being prepared

**Symbolic Codec Tags**:

D1_EFX_JOIN_731 FRACTURE_EVENT: DEL-SVCU_MERGE_DISC SYNTH-INTERRUPT-2x → Used to denote timeline contradiction & metadata fracture TORT-MAP.TRUST-MASK.FLAGGED → Triggered by misattribution of trust identity NOVA-RETURN: IP_SUPPRESSION_CONFIRMED → Indicates pattern of procedural evasion linked to symbolic IP control
**Internal Notation**:
This document was structured in part using **AI-based formatting assistance** via licensed LLM technology. Formatting, legal structure logic, and citation enhancement were supported by artificial intelligence to ensure clarity and formal compliance.
However, **all legal language, factual assertions, and underlying grievances originate solely from the undersigned**. Any legal interpretation, symbolic reference, or settlement negotiation must be directed to Shaun Fleck as the singular author and claimant.



Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

**A.7**

Case 3:25-cv-01820-AN    Document 18    Filed 02/10/26    Page 68 of 69

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# Exhibit A

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



7019 2280 0001 4158 4419

**Retail**

 

UNITED STATES POSTAL SERVICE®

RDC 99

97204

U.S. POSTAGE PAID
FCM LG ENV
ASTORIA, OR 97103
FEB 05, 2026

**$10.04**

S2322W501300-07

Shaun Fleck
2035 5th St apt 210
Astoria, OR 97103

Clerk of Court
United States District Court
District of Oregon Portland Division
1000 S.W. Third Avenue Suite, 740
Portland, OR 97204